In the Matter of the Transfer Tax upon the Estate of ISABELLE C. KIRBY, Deceased.

STATE TAX COMMISSION, Appellant; GUSTAVUS T. KIRBY and RICHARD ELY, as Executors, etc., of ISABELLE C. KIRBY, Deceased, Respondents.

Second Department, January 31, 1930.

*Charles A. Curtin,* for the motion.

*Reeves, Todd, Ely, Price & Beaty,* opposed.

SCUDDER, J. This is a proceeding to determine a transfer tax upon a transfer *inter vivos.* The State Tax Commission contends the transfer was made with the intention to take effect in possession or enjoyment at or after the death of the donor under the deed of trust in question. (See Tax Law, § 220, subd. 4, as amd. by Laws of 1911, chap. 732, and Laws of 1922, chap. 430, renum. subd. 2 and amd. by Laws of 1925, chap. 143; since amd. by Laws of 1928, chap. 330.) The surrogate held the transfer was not subject to the tax. (133 Misc. 152.) This court affirmed the surrogate's order without opinion (228 App. Div. ——), whereupon the Tax Commission moved for leave to appeal to the Court of Appeals. This opinion is made necessary by such motion.

Isabelle C. Kirby, the decedent, executed a deed of trust in 1914, for " the sole use, benefit and advantage of said Isabelle Craven Midgley " (her granddaughter). The trustees were to invest the principal and during the lifetime of the donor accumulate the income and add it to the principal, " and from and after the death of the party of the first part, to apply the same toward the support, maintenance and education of said Isabelle Craven Midgley, until she arrives at the age of twenty-one years, provided she shall live so long, and after she shall have reached the age of twenty-one years, to pay the net income thereof directly to her during her life, and upon her death after the party of the first part or after she shall have reached the age of twenty-one years," then the granddaughter is given a power of appointment, and, if not exercised, the principal is payable to the granddaughter's heirs.

It is argued this language creates a gift to the granddaughter to take effect upon the death of the donor. The donor reserved no rights to herself, and no income was payable to her. In the event of the death of the beneficiary without surviving issue before the donor, the fund was to revert to the donor. Mrs. Kirby died in 1926, survived by said granddaughter.

The provision for the illegal accumulation of income may be carved out of the instrument without doing violence to the balance of the deed.

The learned surrogate has well stated " that both possession and enjoyment of the fund passed from the donor. The granddaughter acquired no new or additional interest by the death of the decedent, and no right passed at the death of the donor. Possession under the terms of the trust passed to the trustees for the beneficiary. The infant succeeded to the donor's interest on August 1, 1914, in enjoyment."

In holding, as we do, that the learned surrogate's conclusion was correct, we think we are not in conflict with *Matter of Dunlap* (205 App. Div. 128 [First Dept.]). That case differs from the case now before us in that there " There was no transfer of possession and enjoyment of the remainders to the beneficiaries until the death of Amelia Dunlap, the grantor. The trust deed smacks of an intent to withhold a vesting of possession and enjoyment in the three beneficiaries in the corpus of their respective shares in remainder until the termination of the life of the grantor. The estate to the daughters during her life granted income only."

In the present case the deed does not " smack of an intent to withhold a vesting." Instead, except for the contingency which never happened, the beneficiary is given the power to dispose of the principal by her will, " and in case she die intestate, then to her lawful heirs." Here was an absolute disposition of the corpus of the trust without reservation. The grantor clearly intended the transfer to become effective when she executed the deed of trust. In my opinion, no question of law is presented which should be reviewed by the Court of Appeals.

LAZANSKY, P. J., HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Motion for leave to appeal to the Court of Appeals denied.