G. C. CHASE, ADMINISTRATOR *c. t. a.* OF ESTATE OF LENA BOHN, AND OTHERS v. COMMISSIONER OF TAXATION.[1]

July 16, 1948.

No. 34,622.

---

[1]Reported in 33 N. W. (2d) 706.

*J. A. A. Burnquist,* Attorney General, and *David W. Lewis,* Assistant Attorney General, for relator.

*Morgan, Chase, Headley & Hoshour,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari upon the relation of the commissioner of taxation to review a decision of the board of tax appeals determining that certain properties transferred in trust by Mrs. Lena Bohn prior to her death should not be included in her estate so as to be subject to inheritance tax under M. S. A. 291.01.

Mrs. Bohn died August 17, 1944. Trust instruments covering the transfers of her property were executed by her on April 2, 1932. Thereby, five separate trusts were created, one for each of her five children, four of whom are the respondents here. The pertinent clauses thereof relative to the distribution of principal and income were the same in four of such trusts, and provide:

"1. My [a named son or daughter] shall be paid the net income therefrom during my lifetime; and upon my death the said trust shall terminate and the entire trust estate be paid over to my said [a named son or daughter] if she shall survive me.

"2. If my said [a named son or daughter] shall not survive me, then the net income, from the date of the death of my said [son or daughter] to the time of my death, shall be paid in equal shares to the children of my said [son or daughter], and to the issue, if any, of any deceased child or children, the issue to take the share which such deceased child would have taken if living; and upon my death (that is, if occurring after the death of my said [a named son or daughter] but leaving issue of [name] surviving me) said trust shall terminate and the trust estate shall be paid over and delivered in absolute ownership to the persons who were immediately prior to my death entitled to the income therefrom, and in the same proportions.

"3. If neither said [name], nor any child of hers [or his] nor any issue of a deceased child of hers [or his] shall survive me, then upon the death of the last of such persons (and without regard to my survival of them), said trust shall terminate, and the entire trust estate shall be assigned and transferred to such person or persons, in absolute ownership or upon such conditions of trust or otherwise, as my said [a named son or daughter] shall by will or other instrument have appointed and stipulated; and if she [or he] shall not have so appointed, then the entire trust property shall be divided equally among and assigned, transferred and added to the principal of such of the trusts by this instrument created for the benefit of [the remaining children and their respective remaindermen], * * *."

Paragraph 2 of the Anna H. Martin trust, the fifth, provided:

"If my said daughter Anna shall not survive me, then upon her death said trust shall terminate and the entire trust estate shall be assigned and transferred to such person or persons, in absolute ownership or upon such conditions of trust or otherwise, as my said daughter Anna shall by will or other instrument have appointed and stipulated; and if she shall not have so appointed, then the entire trust property shall be divided equally among and assigned, transferred and added to the principal of such of the trusts by this instrument created for the benefit of [the remaining children and their respective remaindermen] * * *."

The trust instruments by their terms were irrevocable as to the trusts thereby created.

All the children of Lena Bohn survived her, and upon her death on August 17, 1944, the trusts terminated and the principal of each thereof was distributed to the child then entitled to the income therefrom. The value of each portion thus delivered was approximately $135,000. The additional inheritance taxes assessed attributable to the inclusion of the above values in taxable shares of each of the beneficiaries is as follows: Cora M. Chase, $5,538.72; Ida L. Bushnell, $5,537.01; Anna H. Martin, $5,536.30; and William B. Bohn, $5,535.89.

M. S. A. 291.01 provides as follows:

"[Subd. 1] A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, * * * in the following cases:

\* \* \* \* \*

"(3) When the transfer is of property made by a resident or by a non-resident when such non-resident's property is within this state, or within its jurisdiction, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, *or intended to take effect in possession or enjoyment at or after such death;*

\* \* \* \* \*

"[Subd. 2] Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer whether made before or after the passage of this chapter." (Italics supplied.)

Section 291.11 provides:

"[Subd. 1] All taxes imposed by this chapter shall take effect at and upon the death of the person from whom the transfer is made and shall be due and payable at the expiration of 15 months from such death, except as otherwise provided in this chapter."

It is conceded by all parties that the trusts were not made in contemplation of death, and that the donor completely divested herself of all title and control so that there was no possibility of any part of such estate reverting to her. It is the contention of the commissioner, however, that, since full possession and enjoyment of the principal did not pass to the children until the death of the donor, the transfers made were intended to take effect in possession or enjoyment at or after the death of Lena Bohn, and hence upon her death became subject to the tax imposed by § 291.01.

It is the position of the taxpayer, on the other hand, that, the donor having reserved nothing to herself by the trust instrument and having completely divested herself of all right to and control over both income and principal of the trust, the transfer constituted a gift *inter vivos,* and, not having been made in contemplation of death nor as a testamentary disposition, it could not be subject to the inheritance tax specified in § 291.01. (The transfer, having been made prior to the enactment of § 292.01, imposing taxes on gifts *inter vivos,* was not subject to gift tax.) The board of tax appeals concurred in the latter viewpoint, and it is its decision in this respect which the commissioner seeks to review by certiorari.

1. Prior hereto we have not had occasion to construe § 291.01 with reference to a transfer in trust of the type above described, although we have had occasion to construe it with reference to transfers in trust wherein the donor reserved the income to himself for

life, In re Estate of Rising, 186 Minn. 56, 242 N. W. 459; or where the transfer in trust did not provide for the ultimate distribution of principal at or after the death of the donor, In re Estate of Marshall, 179 Minn. 233, 228 N. W. 920. Reference to these decisions will hereinafter be made. It is conceded by both parties that a transfer wherein the donor reserves income to himself for life and provides for distribution of principal at or after his death falls clearly within the provisions of § 291.01.

With respect to transfers such as here made, there is a divergence of opinion. A substantial number of state courts have held that a transfer wherein the donor immediately divests himself of all title to and control over both income and principal of the property transferred and wherein the distribution of principal is withheld until such donor's death falls directly within the provisions of such inheritance tax statutes, so that the corpus of such a trust, upon the death of the donor, becomes subject to the inheritance tax as a transfer intended to become effective in possession and enjoyment at or after the death of the donor. See, In Matter of Estate of Hollander, 123 N. J. Eq. 52, 195 A. 805; Koch v. McCutcheon, 111 N. J. L. 154, 167 A. 752; In re Estate of Hartford (Prerog. Ct.) 122 N. J. Eq. 489, 194 A. 800; Hartford v. Martin, 122 N. J. L. 283, 4 A. (2d) 31, 121 A. L. R. 354; Bridgeport-City Trust Co. v. McLaughlin, 9 Conn. Supp. 196; State Street Trust Co. v. Treasurer, 209 Mass. 373, 95 N. E. 851; Coolidge v. Commissioner, 268 Mass. 443, 167 N. E. 757; Matter of Dunlap, 205 App. Div. 128, 199 N. Y. S. 147; In re Patterson's Estate, 127 N. Y. S. 284; Estate of Madison, 26 Cal. (2d) 453, 159 P. (2d) 630.

The reasoning supporting this line of authority is well expressed in the Madison case in the following language (26 Cal. [2d] 457, 159 P. [2d] 633) :

"* * * The issue is not whether the donor retained some power or interest until his death, but rather whether he tied up the property with so many strings, which could not be loosened until his death, that the transfer may be regarded as having been intended to take effect in possession or enjoyment at his death within the mean-

ing of the statute. It should be noted at the outset that the statute speaks, not of title, but of possession and enjoyment. * * * a gift of income for the trustor's life with remainder at the trustor's death would appear from the plain wording of the statute to be a transfer intended to take effect in possession or enjoyment at or after death."

The same reasoning is expressed in the Hollander case in the following language (123 N. J. Eq. 54, 195 A. 807) :

"The transfer of that remainder,—(after the life of the donor),—does of course come within the literal words of the statute. Such remainder interest can come into possession and enjoyment by the remainderman only at, and not until, the termination of the prior life estate at the death of the donor, * * *. But on the other hand, both interests are immediately and completely transferred at one and the same time and by one and the same instrument or act of transfer. * * *

"It is contended, therefore, * * * that the transfers * * * although coming within the literal terms of the statute, do not come within its purpose and intent, and hence should not be held taxable.

* * * * *

"It is deemed by this court that * * * a presently effective transfer by a donor *inter vivos,* of a separately and specifically expressed remainder interest, where such remainder interest is expressed to commence at a time at or after the death of the donor, is taxable under our statute; notwithstanding that by the very same act or instrument of transfer the donor simultaneously transfers all other interests in the same property and thereby completely and presently divests himself of all interest or possibility of interest in the property as a whole."

It is apparent from these cases that the state courts above referred to, in upholding the taxation of transfers of this kind, place their reliance upon the statutory expression "intended to take effect in possession or enjoyment" as having reference to the donee's acquisition of final and complete title, rather than to the action of the

donor in divesting himself of power and control at the time the transfer is made.

2. The federal decisions which arrive at the opposite result in construing the federal estate tax statute include the following: Reinecke v. Northern Trust Co. 278 U. S. 339, 49 S. Ct. 123, 73 L. ed. 410, 66 A. L. R. 397; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. ed. 826, 67 A. L. R. 1244; Coolidge v. Long, 282 U. S. 582, 51 S. Ct. 306, 75 L. ed. 562. The reasoning supporting these decisions, as expressed in the Reinecke case, is as follows (278 U. S. 347, 49 S. Ct. 125, 73 L. ed. 414):

"But the question much pressed upon us remains, whether, the donor having parted both with the possession and his entire beneficial interest in the property when the trust was created, the mere passing of possession or enjoyment of the trust fund from the life tenants to the remaindermen after the testator's death, as directed, and after the enactment of the statute, is included within its taxing provisions. * * *

"* * * One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift *inter vivos,* equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute."

Generally speaking, the reasoning supporting the federal cases is that it is the original transfer from the donor to the trustee rather than the subsequent transfer to the ultimate beneficiary which governs the application of the statute. In other words, it is argued, the title and possession of the corpus immediately following transfer become vested in the trustee and the beneficiaries together, so that neither possession nor enjoyment thereof are contingent upon the death of the donor.

3. As above indicated, this court on two occasions has given consideration to the statute here involved, § 291.01. In neither of such cases, however, was there a transfer similar to the Bohn transfer. There is substantial language in at least one of such decisions (In re Estate of Rising, 186 Minn. 56, 242 N. W. 459, *supra*) to indicate, however, that this court has given approval to the reasoning of the state rather than to the federal courts on this question, at least insofar as the application thereof to an inheritance, as distinguished from an estate, tax is concerned.

In the Rising case, the donor had transferred her property by trust instrument whereunder the income was reserved to herself for life, and at or after her death the principal was to go to her daughter. As above stated, both parties here concede that § 291.01 is clearly applicable to such a transfer.

In arriving at its decision there, however, this court took occasion to discuss the federal authorities, and, presumably, to repudiate the theory that divestiture of title and control by the donor rather than acquisition of possession and enjoyment by the donee should be the governing factor in rendering such a transfer subject to the inheritance tax. Thus we stated (186 Minn. 61, 65, 69, 242 N. W. 461, 463, 464):

"* * * Of course such decisions [of the United States Supreme Court] end debate as to the construction of the act of congress which they interpret. But, however persuasive, they are not binding upon us in the construction of our own statute, as to which it is our privilege to err, if that be the result of our deliberate judgment. That aside, our state tax is so far different, in incidence, from the federal excise that the cases are easily distinguishable. 'In its plan and scope' the latter is 'on transfers at death or made in contemplation of death.' 'It is not a gift tax.' Our law, on the contrary, does tax gifts. The federal 'exaction is not a succession tax * * *. The right to become beneficially entitled is not the occasion for it.' * * * Our law imposes not alone a transfer tax but a succession tax also. * * * *'The thing burdened is the right to receive.'* * * * With reference to the federal tax, a *transfer* and not a succession tax

530

was the language used in Reinecke v. Northern Tr. Co. 278 U. S. 339, * * * and repeated in May v. Heiner, 281 U. S. 238, * * *.

"* * * our state tax is expressly put on successions of the kind now involved. * * *

"* * * one may give away his whole estate or any item of it; and if the gift be complete, inter vivos, and have no reference to death, as condition on possession, enjoyment, or dominion by the donee, our succession tax will have no application. * * * But *if the donor divide his estate into life use and remainder, there is, upon termination of the life interest, a succession, a coming into or increase of enjoyment and dominion, an 'enlargement of property rights' * * * a completion of title, which may be, and in this state is, taxed.*

" *'The statute recognizes the familiar distinction between taking effect in possession or enjoyment and vesting in right, title or interest.'* * * * [Citing Vanderbilt v. Eidman, 196 U. S. 480, 492, 25 S. Ct. 331, 49 L. ed. 563.]

*       *       *       *       *

"It is said in that opinion [282 U. S. 598] arguendo, that 'succession is effected as completely by a transfer of a life estate to one and remainder over to another as by a transfer in fee.' *That is,* a transfer of the fee, but incumbered by a life estate. And certainly *the immediate vesting of the remainderman's interest does not bring him either possession or right of possession, two essentials of perfect title. His succession to both is postponed to the donor's death.* A remainder is an estate or interest 'to take effect in possession or enjoyment upon the determination of a prior estate.' * * * *So in the very nature of the thing, the remainderman's real succession can come only upon and by reason of the death of life tenant.*

*       *       *       *       *

"It follows that the order under review must be reversed and the case remanded with instructions to hold the successions to the two gifts in question subject to tax and to determine the amount thereof." (Italics supplied.)

The quoted language clearly expresses the idea that the tax is imposed not because of what occurs at the time of the original transfer,

nor because the donor may have reserved some interest in the income or principal of the trust, but rather because "The thing burdened" was "the right to receive," and because upon the death of the donor there was "a succession, a coming into or increase of enjoyment and dominion, an 'enlargement of property. rights' * * * a completion of title."

In In re Estate of Marshall, 179 Minn. 233, 228 N. W. 920, the donor transferred certain property in trust for himself, his wife, and five children, each to receive one-seventh of the net income during life, and the principal to be distributed after the lapse of 21 years from and after the death of the last survivor of the wife, children, and grandchildren of the donor. In holding the six-sevenths not subject to the state inheritance tax provided for in § 291.01, we stated (179 Minn. 242, 244, 228 N. W. 923, 924):

"* * * No case, either federal or state, has been cited to us, nor have we found any, where under a situation like the one at bar a transfer tax has been imposed. There are however like cases where the donor or transferrer was one of the beneficiaries, * * * in such case the proportion of the property transferred which produced his income during life was subjected to the transfer tax upon his death; but the property from which the other beneficiaries received their income and in which they had a beneficial interest was held not subject to a transfer tax, *for the transferrer's death did not in any manner affect their rights.* * * *

* * * * *

"* * * As to the six-sevenths of the property transferred in trust for the wife and the children of deceased we hold that the evidence does not justify the finding that it was intended to take effect in possession and enjoyment *at or after the death of Mr. Marshall.* * * * The transfers passed a present beneficial interest in possession and enjoyment to the wife and children." (Italics supplied.)

This decision likewise appears to be founded upon the fact that the possession and enjoyment of the property transferred was not contingent upon or effective at or after the death of the donor. Since it had no reference thereto, clearly § 291.01 was not applicable.

This court's subsequent language in the Rising case above quoted would seem to indicate that we are committed to the reasoning followed by the other state courts, to the effect that the tax should be imposed when the ultimate complete possession and enjoyment and the final vesting of title of the principal in the beneficiaries occurs is made contingent upon, or takes effect at or after, the death of the donor. Following this line of reasoning, we are compelled to reverse the board of tax appeals and hold that the transfer here involved became subject to the tax imposed by § 291.01 upon the death of Lena Bohn.

Reversed.

