### HEINE, Estate of, In re.

Probate Court, Hamilton County.

No. 173057. Decided September 25, 1950.

Frost & Jacobs, Cincinnati, for exceptors.
Herbert S. Duffy, Robert E. Younger, Columbus, for Department of Taxation, State of Ohio.

## OPINION

By DAVIES, J.

This matter comes before the court upon the exceptions of Carl M. Jacobs, executor of the estate of Emilie L. Heine, deceased, Frieda H. Jacobs and Emilie J. Heine, daughters of decedent, to an order made by this court including in the estate for inheritance tax purposes the value and amount of the interest of the daughters in a certain trust created by Emilie L. Heine during her lifetime.

The facts established at the hearing upon the exceptions show that the said Emilie L. Heine died on January 2, 1949, at the age of eighty-six, and that on May 20, 1932, she created with The Lincoln National Bank an irrevocable trust which, at the date of her death, was valued at $629,544.99.

The trust agreement provided that the trustee should collect the interest, dividends and income from the trust estate, and after paying all proper or necessary charges, expenses and taxes, should invest "the net income" in certain designated securities and should "add the same to the principal or corpus of the trust" to be held, managed and disposed of under the terms of the trust "so long as the grantor may live."

While the trust was irrevocable, the grantor reserved during her lifetime the right to modify or alter the trust agreement "to enlarge or restrict the powers and authority of the trustee in the investing and reinvesting of the trust fund" to be made "by instrument or instruments in writing, delivered to the trustee." The grantor also reserved the right to require the resignation of the designated trustee and to designate a successor trustee. The grantor reserved no other rights concerning the trust.

The trust instrument further provided that after the death of the grantor, the trustee should divide the corpus of the trust into two equal parts, one of which should be paid to the daughter of the grantor, Frieda H. Jacobs, if living, and if not living, then the share which would have been paid to her, had she been living, should be divided equally between her surviving issue, and if there are no issue, then to her heirs, executor or administrator.

The remaining one-half of the trust estate was to be held by the trustee and the net income therefrom should be used for the support and maintenance of the daughter of the grantor, Emilie J. Heine, either by paying said income directly to her or disbursing it in such manner as said trustee in its discretion deems to be for her best interest. It was provided that Frieda H. Jacobs, if living, should be consulted relative to the payment of the income to the daughter, Emilie J. Heine, or the disbursement of it for her use and benefit.

The agreement also provided that after the death of the said Emilie J. Heine, the corpus of the trust share provided for her should be paid to her issue, per stirpes, and if there should be no issue, and if Frieda H. Jacobs should be living, the trustee should pay to Frieda all of the trust estate remaining in its possession, and if she should not be living, then said share should be paid to her issue surviving, equally, and if there should be no issue, then to her heirs, executor or administrator.

Both daughters survived the mother.

The mother, Emilie L. Heine, was sixty-nine years of age on May 20, 1932, when she established the trust. She was a widow possessed of a very large estate and, being deeply concerned with the breaks which had occurred in the securities market and with existing depressed economic conditions, and desiring to put a part of her estate in such position that it would be assured for the security of her daughters, and so she would be relieved of the worry of handling all of her securities, she decided to create the trust outlined above. She was also motivated in creating the trust by a desire to avoid gift taxes which would become effective under the Gift Tax Law on June 1, 1932. When made, the trust gift approximated ten per cent of the value of her estate.

When the trust was created, and until a year before her death, Mrs. Heine was, and for years had been, in excellent health. She was engaged in charitable, civic, philanthropic and religious activities. She traveled extensively in this and other countries. Her last illness did not continue for more than seven or eight weeks.

Before the creation of the trust, the mother had made additional gifts to each of the daughters of $250,000.00 to $500,-000.00 for the purpose of reducing her income tax liability and to give her daughters financial stability. The daughters were the principal beneficiaries under the provisions of her will.

The county auditor, under the provisions of §5341 GC, fixed the actual market value of decedent's estate, exclusive of the gift under question, for inheritance tax purposes at $1,544,622.60.

Under these facts, the court is asked to decide if the trust gift is or is not taxable as a gift made in contemplation of death or intended to take effect in possession or enjoyment at or after the donor's death.

**Sec. 5332 GC**, provides that a tax is levied upon the succession of any property passing, in trust or otherwise, to or for the use of a person, institution or corporation "when the succession is to property from a resident, or to property within

this state from a non-resident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or

(b) Intended to take effect in possession or enjoyment at or after such death."

From the outlined facts in this case, the court concludes that on May 20, 1932, Emilie L. Heine, the mother, made a gift to The Lincoln National Bank without valuable consideration for the primary benefit of her two daughters, as evidenced by the terms of an irrevocable trust agreement of that date, and that such gift was not made "in contemplation of the death of the grantor." See **In Re Estate of Thompson, 147 Oh St, 119, 33 O. O. 275,** for similar facts in which it was held that a gift was not made in contemplation of death.

The court now comes to the question as to whether such gift was "intended to take effect in possession or enjoyment at or after such death."

The burden is upon the Tax Commission to show that the gift is taxable under the Ohio inheritance tax laws. **Sec. 5332 GC; Tax Commission v. Parker, 117 Oh St, 215, 158 N. E. 89.**

Courts have uniformly held that transfers in which the donor retains during his lifetime the right to receive income from a trust are taxable as being intended to take effect in possession or enjoyment at or after the donor's death.

Thus, in the case of **Sherman, et al. v. Tax Comm. of Ohio, 125 Oh St, 367,** the court considered facts in which Harriette B. Sherman, on August 20, 1924, transferred property to The Union Trust Company of Cleveland, as trustee, with provisions that the trustee pay the income arising from the trust property to her during her life, and in addition should pay her, at its discretion, such additional sums from the corpus as it should deem necessary. At her death, the corpus was to be transferred and delivered to her two children. She also reserved the right to terminate the trust by directing immediate distribution to the remaindermen. While in good health, she died on October 26, 1929.

The court held that such an estate transferred through the medium of a trust instrument, which by its terms postpones the enjoyment of the trust estate until after the death of the donor, is taxable under the inheritance tax laws of Ohio.

The court pointed out on page 372 of the opinion that the enjoyment of these estates was the income and that by the

terms of the trust instrument, the trustee was directed to so manage the estates as to make them income producers, and the donees were not permitted to enjoy one cent of this income until the donor's death, except in case of revocation which did not occur. The court emphasized the fact that the donor retained substantial control over the corpus of the trust so long as she lived.

The court finally pointed out that this was not a gift inter vivos because it is fundamental that in order to make a gift inter vivos the donor must relinquish all control over the gift and deliver it to the donee. The donor in this case retained substantial control over the corpus and income from the trust by force of the terms of the trust instrument so long as she lived.

In the case of In re Estate of Rising, 186 Minn. 56, 242 N. W. 459, the trustor transferred income-bearing securities to a trustee, with full powers of reinvestment and management, and reserved all the income to herself for life. Upon her death, the income from the trust was to go to a daughter as long as she lived, together with such portion of the corpus of the trust funds as might be necessary for her maintenance, and, on the daughter's death, the trust was to terminate with remainder to another daughter.

The court held that "gifts inter vivos, but with reservation of income to donor for life, while not testamentary and assumed not to be in contemplation of death (in the strict sense), are intended to 'take effect in possession or enjoyment' upon death of the donor, when the donees become 'beneficially entitled' to the property and 'the income thereof' so as to make them liable to a succession" under the Minnesota statute which provided for an inheritance tax when the transfer is of property made by deed, grant, bargain, sale or gift "intended to take effect in possession or enjoyment at or after such death."

The Supreme Court of Ohio has also considered in the case of **In re Estate of Thompson, 147 Oh St, 119, 33 O. O. 275**, the taxability of a transfer under a trust agreement by the terms of which the wife of the donor was to receive income and possible principal payments during the lifetime of the donor.

In this case, Carmi A. Thompson, on February 24, 1932, when sixty-two years of age and in good health, created a trust which provided that the trustee pay donor's wife for her life the net income from the trust, and also pay her at any time such principal payments as it deemed necessary and proper. The trust further provided that if the wife predeceased the grantor, he should receive the income, and also provided, in

the event of his wife's and his death, for other income payments and principal distribution to other beneficiaries. The donor died ten years later.

The court held that this gift was not made in contemplation of death and was not a gift intended to take effect in possession or enjoyment at or after the donor's death, and pointed out the markedly different facts in the Sherman and in the Thompson cases. In the Sherman case, the court stated, the donor created a revocable trust under which **she,** the donor, reserved and received for life the income and additional sums from the corpus necessary for her support, with the remainder to her two children at the mother's death.

In contrast, the court reasoned in the Thompson case that the gift to the wife took immediate effect in enjoyment when the trust was created, irrespective of the date of the donor's death, she to receive during her life the income and such part of the corpus as the trustee deems necessary for her support.

In another case, **In Re Estate of Hazelton, 148 Oh St, 127, 35 O. O. 119,** the court considered the taxability of four irrevocable trusts under §5332 GC, which were created on August 19, 1935, by Ben F. Hazelton, Jr. The settlor reserved no control whatsoever over the trust property. Both title and possession of the property passed immediately to the trustee. An advisory committee was named and authorized to exercise "its uncontrolled discretion" as to the distribution of income and principal to the beneficiaries. It was provided that the trusts should be terminated and final distribution made twenty years after the death of the principal beneficiary of the settlor's son or of the settlor himself, whichever death should occur last.

It was conceded that under these trusts, the possession and enjoyment of the principal beneficiaries were immediate upon the establishment of the trusts, irrespective of the time of the settlor's death, and that, hence, these successions were not taxable. It was argued, however, that as to the secondary beneficiaries, or remaindermen, the settlor's gifts were intended to take effect in possession or enjoyment at or after the settlor's death. In other words, the department argued, the gifts sought to be reached were the distributions of the corpus to be made at the termination of the trusts and that a present right to receive at some future time, even though vested, does not constitute present possession or enjoyment.

The court did not follow this reasoning because it pointed out that each trust agreement expressly required the trustee

to pay to the principal beneficiary as much of the income and principal of the trust property as the advisory committee in its uncontrolled discretion should direct; and this manifestly could have resulted in the exhaustion of the trust property during the lifetime of the settlor. Furthermore, the court pointed out, each trust agreement expressly required the trustee to pay to the secondary beneficiaries, after the death of the principal beneficiary, as much of the income and principal of the trust property as the committee should direct—and this provision, too, could have resulted in the exhaustion of the trust property during the lifetime of the settlor.

The court likewise pointed out that the death of the settlor was not made a conclusive factor in determining the final distribution of any property remaining in the trust, since it would have been necessary for him to survive both his son and the principal beneficiary if his death was to be of importance in this respect. The settlor was in fact the first of the three to die.

The court, therefore, held, under the facts of this case, that the gifts were not taxable as successions intended to take effect in possession or enjoyment at or after the settlor's death.

The Supreme Court of Ohio has not considered the taxability of a transfer of property by trust instrument when there is no right of a trustee to distribute and of a beneficiary to receive immediate income from the trust.

The exceptors claim that the Legislature, in providing for the taxing of a transfer "intended to take effect in possession or enjoyment at or after the death of the donor," intended that phrase to relate to the present creation of a future interest, the possession or enjoyment of which comes into existence at the termination of a life estate **reserved by the grantor.** They argue that the phrase is intended to cover transfers in which the donor reserves an interest in part or in whole in the trust and transfers in which the donor retains power to revoke or control the trust, but is not designed to cover transfers which are absolute in their nature but under which the donee is not entitled to possession or enjoyment, as in the instant case, until at or after the death of the donor. They contend that the accumulation of income under the terms of the trust under consideration for future distribution to them was an enjoyment by them of the income.

The Department of Taxation, on the other hand, contended that the transfer in the instant case was intended to take effect in possession and enjoyment at the death of the donor

because neither the income nor corpus in the trust estate were payable under the terms of the trust agreement to the beneficiaries during the life of the donor and it was impossible for the beneficiaries to have either the possession or the enjoyment of the trust estate prior to the donor's death. The department also contends that the donor did not completely relinquish control over the estate prior to her death, because she retained the right to require the trustee to resign and to enlarge or restrict the trustee's powers to invest and reinvest.

Certain cases, such as the case of Chase, Admr. v. Commissioner of Taxation, 226 Minn. Reps. 521, 33 N. W. (2d) 706, support the views of the Department of Taxation. In that case, the settlor created trusts providing that the net income therefrom be paid to designated children, and, upon her death, the trusts were to terminate and the entire trust estate be paid over to the named child, if he or she survived settlor. If the child did not survive, provisions were made for paying over the corpus of the trusts to other issue.

The commissioner contended that since full possession and enjoyment of the principal did not pass to the children until the death of the donor, the transfers made were intended to take effect in possession or enjoyment at or after the death of the donor, and hence, upon her death, became subject to tax.

The court, in considering the question before it, carefully reviewed cases which hold such transfers to be taxable on the ground that the statutory expression "intended to take effect in possession or enjoyment" has reference to the donee's acquisition of final and complete title, rather than to the action of the donor in divesting himself of power and control at the time the transfer is made.

The court also reviewed those cases which held that such trusts are not taxable on the ground that they are intended to take effect in possession or enjoyment at or after the death of testator, in which cases it is reasoned that the title and possession of the corpus immediately following transfer become vested in the trustee and the beneficiaries together, so that neither possession nor enjoyment thereof are contingent upon the death of the donor.

The court, in conclusion, held that the transfer was intended to take effect at or after the death of the donor, because the remainderman, under the provisions of the trust, did not have "either possession or right of possession, two essentials of perfect title" until the donor's death, and further held that a remainder is an estate or interest "to take effect in possession or enjoyment upon the determination of a prior

estate." The court reasoned that "in the very nature of the thing, the remainderman's real succession can come only upon and by reason of the death of life tenant."

For similar holdings see Estate of Madison, 26 Cal. (2d) 453, 159 Pac. (2d) 630; Bethea v. Sheppard, 143 S. W. (2d) 997; State St. Trust Co. v. Treas., 209 Mass. 373, 95 N. E. 851; Re Hollander, 123 N. J. Eq. 52, 195 A. 805.

Other cases follow the reasoning of the exceptors. For instance, in the case of Kirby's Estate, 239 N. Y. Supp. 390, Isabelle C. Kirby, the decedent, executed a deed of trust for the use and benefit of her granddaughter. The trustees were to invest the principal, and during the lifetime of the donor accumulate the income and add it to the principal and after the death of the donor to apply the same toward the support, maintenance and education of the granddaughter until she arrived at the age of twenty-one years, after which age she was to receive the net income from said trust for her life with a power of appointment to distribute the principal to her heirs. In the event of the death of the beneficiary without issue before the donor, the trust fund was to revert to the donor.

The court held that this was not a transfer made with the intention to take effect in possession or enjoyment at or after the death of the donor, because both possession and enjoyment of the fund passed from the donor, and the granddaughter acquired no new or additional interest by the death of the decedent, and no right passed at the death of the donor. Possession, under the terms of the trust, passed to the trustees for the beneficiaries, and the grantor clearly intended the transfer to become effective when she executed the deed of trust.

The Supreme Court of Pennsylvania, In re Glosser's Estate, 355 Pa. 210, 49 Atl. Rep. (2d) 401, considered the taxability of an irrevocable inter vivos trust in which no income from the trust was immediately distributed to the beneficiaries, and in which provision was made for the distribution of the principal and accumulated income to the beneficiaries at the expiration of fifteen years. The donors themselves acted as trustees. The court held that if there is no reservation by the donor of the trust of a right to the income himself from the trust during his life, if the donor has not retained any power of revocation or amendment whereby he may reassert dominion over the trust property, and if he has divested himself absolutely of all title to the property on execution of the trust instrument, the transfer is a perfected gift inter vivos, and, therefore, is not subject to transfer inheritance tax as being

effective in possession or enjoyment until at or after the death of the donor.

The court, in making its decision, reasoned as follows: "The criterion is not whether the beneficiaries are to acquire actual possession or enjoyment at or after the death of the donor but whether the latter has irrevocably parted with all his interest, title, possession and enjoyment in his lifetime. From this it follows that the fact that income, which is vested in the beneficiaries, is to be accumulated and not paid to them until after the donor's death does not make the gift subject to the tax as one intended to take effect in possession or enjoyment until after such death."

The Supreme Court of Illinois, in People v. Northern Trust Co. et al., 330 Ill. 238, 161 N. E. 525, in considering whether certain trust deeds were taxable as transfers intended to take effect in possession or enjoyment at or after the death of the grantor, held as follows:

"Postponement of enjoyment by beneficiaries did not make transfers under trust deeds subject to inheritance tax * * * where interests, though not in actual enjoyment of the beneficiaries because grantor provided that income should accumulate for certain period, were vested in beneficiaries at dates of execution of deeds."

In the case of Shukert et al. v. Allen, Collector, 273 U. S. 545, the court considered the taxability of a conveyance of certain securities made before the testator's death under the provisions of the Revenue Act of 1918, which provided that "to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death," a tax is laid upon the transfer of the net estate.

The court held that "a conveyance of securities made before the testator's death and not in contemplation of it, in trust to accumulate the income until a distant date specified, and then to divide the fund among his children, designated by name as the beneficiaries, vested the interests of his children when it was executed and was not 'intended to take effect in possession or enjoyment at or after his death,' within the meaning of Sec. 402(c), Revenue Act of 1918."

The court, on page 545, held that the transfer in this case was immediate and out-and-out, leaving no interest remaining in the testator. And, on page 548, the court said "it seems to us tolerably plain, that when the grantor parts with all his interest in the property to other persons in trust, with no thought of avoiding taxes, the fact that the income vested

in the beneficiaries was to be accumulated for them instead of being handed to them to spend, does not make the trust one intended to take effect in possession or enjoyment at or after the grantor's death."

In Fifth Ave. Bank of New York v. Nunan, 59 Fed. Supp. 753, the court considered the taxability of a transfer in which it was possible for all of the beneficiaries to have predeceased the trustor, with a further possibility that, in that event, the corpus and accumulated income of the trust would be returned to the settlor or pass as part of his estate, and the court held that "The mere possibility that as matter of law and not by terms of trust agreement, if all named remaindermen predeceased settlor or the life beneficiaries, corpus would be returned to settlor or pass as part of his estate, is too remote to include such transfer within settlor's estate for estate tax purposes."

In this case the court also considered the effect of provisions in the trust relating to the power of the settlor to control certain actions of the trustee, and the court held that "A settlor's reservation of right to amend trust provisions relating to investment policy to be followed by trustee did not make trust taxable where power to amend was not for settlor's own benefit, but merely to permit him to change investments for benefit of named beneficiaries."

In the case of Reinecke v. Northern Trust Co., 278 U. S. 339, the testator in his lifetime established trusts in which life interests were to terminate five years after his death, or on the death of the designated beneficiary should he survive that date, with remainder over. He reserved to himself power to supervise reinvestment of the trust funds, to require the trustee to execute proxies to his nominee, to vote shares of stock held by the trustee and to control leases executed by the trustee; and he also reserved power to alter, change or modify each trust, which was to be exercised by himself and the beneficiary of each trust, acting jointly.

The court held that the section of the Revenue Act including the above language was inapplicable to such a trust created by a decedent in his lifetime, not in contemplation of death, which vested beneficial interests in others and which he was without power to modify or revoke except with the consent of the beneficiary.

Since the shifting of the economic interest in the trust was complete when the trust was made, a reservation to the settlor of power to manage the trust will not render the transfer taxable.

The donor having parted with the possession and his entire

beneficial interest in the property when the trusts were created, the mere passing of possession or enjoyment from the life tenants to the remaindermen after his death, as directed, and after the enactment of the statute, was not within the taxing provisions of the law.

The court, on page 347 of the opinion, stated that "one may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another **at or after the donor's death.** It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statutes." (Emphasis ours.)

As originally passed (R. S. 2731-1, Sec. 1) provided that all property within the jurisdiction of the State of Ohio passing by deed, grant, sale or gift made or intended to take effect in possession or enjoyment **after** the death of the grantor, to any person in trust or otherwise (other than to or for the use of certain named relatives) was liable to a succession tax. This section was amended into §5332 GC, (Ohio Laws, Vol. 108, Pt. 1, 563), its present form, on May 8, 1919, effective June 6, 1919, providing for a succession tax to be levied upon property passing in trust or otherwise, to or for the use of a person, institution or corporation when the transfer is by deed, grant, sale, assignment or gift without a valuable consideration substantially equivalent in money or money's worth to the full value of such property * * * intended to take effect in possession or enjoyment **at or after** such death.

We have been unable to ascertain, by reported cases or otherwise, what, if any, additional significance the Legislature intended to ascribe to the fixing of a tax on a transfer of property intended to take effect in possession or enjoyment **at** as well as **after** the death of the transferor. Generally, the word "at" in a phrase fixing the time within which something should be done means the same as "about" or "after." 4 Words and Phrases 640. We believe the Legislature, in amending the statute, merely adopted the nomenclature used in similar existing statutes of other states and did not intend to extend or change the operation of the statute by including the words "at or" immediately before the word "after."

We have studied carefully reported cases in an attempt to determine if it was or was not the intention of the Legislature to tax under the inheritance tax laws of Ohio an estate transferred through the medium of a trust instrument which

by its terms irrevocably transfers property to a trustee, but postpones, until the death of the donor, the actual transfer of the property and income therefrom to named beneficiaries.

We have considered the meaning of the words "possession" and "enjoyment" used in §5332 GC.

The word "possess" is frequently used in the sense of "own" or "entitled to." Brantly v. Kee, 58 N. C. 332; Thomas v. Blair, 35 So. 811, 111 La. 678.

The term **owner** and **owning** depend somewhat for their signification upon the connection in which they are used. To **own** is defined "to hold as property; to have a legal or rightful title to; to have; to possess," and an "owner" is "one who owns; a rightful proprietor." An owner is not necessarily one owning the fee simple, or one having in the property the highest estate it will admit of. One having a lesser estate may be an owner, and indeed, there may be different estates in the same property vested in different persons and each be an owner thereof. In the construction of statutes, to ascertain the proper meaning of such terms, regard must be had to their various provisions, and such effect given them as these provisions clearly indicate they were intended to have, and as will render the statute operative. **Baltimore & Ohio Railroad Co. v. Walker, 16 N. E. 475, 45 Oh St 577, 585; Choteau v. Thompson & Campbell, 2 Oh St, 114; Dutro v. Wilson, 4 Oh St, 102;. Jones v. State, 70 N. E. 952, 70 Oh St 36.**

The language in a will wherein testator did "give and bequeath all the property of which I may die possessed" was held to have passed the vested remainder of testator in property, and the word "possessed" was not used by the testator to confine the disposition of the estate only to such property as the testator physically possessed or possessed in actual enjoyment, since "possessed" is a word which can be and often is employed to denote ownership. Walker v. Shugert, 141 A. 261, 292 Pa. 433.

"Enjoyment" is synonymous with comfort, consolation, contentment, ease, happiness, pleasure and satisfaction. National Surety Co. v. Jarrett, 121 S. E. 291, 95 W. Va. 420.

Under trust for benefit of minor providing for accumulation of income for minor's benefit and payment of net income after reaching majority, "accumulation," which is withholding of income of minor for purpose of creating an increased fund, could be applied for infant's support and education, and payment thereof need not be deferred, since beneficiary acquired a vested estate in accumulations passing under laws of intestacy or wills and was entitled to the "enjoyment" thereof, which is a term of general description, mean-

ing to be held as any benefit or to possess. In re Kirby's Estate, supra.

In the Sherman case, as pointed out by the court, the donor, by the fixed terms of the trust instrument, retained the full enjoyment of the trust estate and there could be no enjoyment thereof until the death of the donor, which accounted for the taxability of the transfer in donor's estate. In the Thompson case, in which an irrevocable trust was created for the primary benefit of the donor's wife and children with payments to the beneficiaries of income and such part of the principal as the trustee deemed necessary, the court held the transfer was not taxable because "the gift to the wife took immediate effect in enjoyment when the trust was created, irrespective of the date of the donor's death." In the Hazelton case, the court concluded that a transfer of property as a gift by means of a trust inter vivos was not taxable as a succession in the absence of evidence showing an intention by the settlor to accomplish a testamentary disposition of his property taking effect at or after his death.

A review of all of the above cases leads us to the conclusion that, under the Ohio law, a transfer of property, made before the testator's death, not in contemplation of it and not intended to accomplish a testamentary disposition of his property, when made by means of an irrevocable gift in trust with provision that the trustee accumulate the income and pay the accumulated income and corpus to named beneficiaries at or after the donor's death, does not subject the trust to a tax as a transfer intended to take effect in possession or enjoyment at or after the grantor's death.

When, therefore, in the instant case, Emilie L. Heine transferred securities to The Lincoln National Bank by the terms of the outlined trust, she irrevocably parted forever with all of her interest, title, **possession and enjoyment** in those securities. Her retention of the right to require the trustee to resign and to enlarge or restrict the trustee's powers to invest and reinvest trust corpus was for the benefit of the beneficiaries and does not affect the taxability of the trust gift.

Mrs. Heine's gift was not made in contemplation of death and was not intended to accomplish a testamentary disposition of her property. At the instant her gift was completed, both possession and enjoyment of the transferred securities and all right to the income therefrom passed from her to her trustees for the benefit of her children and others. No additional right passed at her death. The gift was intended to take effect, and did take effect, in possession and enjoyment

immediately when made and not mediately at or after her death.

The exceptions of the executor and heirs of decedent, therefore, are sustained.