[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This accelerated appeal comes to us from a "judgment on the pleadings and/or summary judgment" issued by the Lucas County Court of Common Pleas to an insurance company in a coverage dispute.
The case arises out of a transaction between appellants (William and Kay Harris) and Jean and Nicholas Boraggina.[1]
In 1995, appellants executed a purchase agreement to buy the Boragginas' Sylvania, Ohio home. The parties agreed to a $1.1 million purchase price for the home and a five-acre parcel. The purchase price included, "[a]ny item * * * affixed on any wall * * *" (appellants contend this included a valuable tapestry) and all "* * * workout and exercise equipment in the basement."[2] A closing date was set, and the purchase agreement provided that "[p]ossession shall be granted * * * 30 days rent free after Closing." Language in the purchase agreement allocated the risk of loss of the property described in the purchase agreement to the seller only until the date of closing.
Appellants purchased a homeowner's insurance policy from appellee, Royal Indemnity Co.,[3] to cover property loss after closing. The policy covered loss to, "* * * property owned or used by an insured while it is anywhere in the world."
Following closing and transfer of possession of the real property, Nicholas Boraggina sued appellants in Toledo Municipal Court; Boraggina claimed appellants would not return his pontoon boat. Appellants counterclaimed, alleging that when appellants took possession of the home, the exercise equipment, tapestry and other items of personal property which they had purchased were missing. Appellants also filed a cross-claim against appellee asserting that the insurance company had wrongfully denied their claim for the missing personal property. Since the amount of the counterclaim and cross-complaint exceeded the jurisdictional amount of the municipal court, the case was transferred to the Lucas County Court of Common Pleas. There, appellee counterclaimed seeking a declaratory judgment that, by the terms of its insurance contract, appellants were not entitled to coverage for this loss. Appellee also cross-claimed against the Boragginas for any amount it might be deemed contractually obligated to pay appellants.
Eventually, appellee filed a motion for "judgment on the pleadings and/or summary judgment." Appellee argued that its policy only covered losses on personal property owned by the insured and that, on its face, appellants' complaint states that the property at issue was never delivered to them. Therefore, appellee contended, appellants never acquired ownership.
The trial court granted appellee's motion and, pursuant to Civ.R. 54(B), certified that there was no just cause for delay. Appellants now appeal that ruling, setting forth the following single assignment of error:
"ASSIGNMENT OF ERROR
 "1. Lucas County Court of Common Pleas erred in finding that in the context of the purchase of residential real estate, when the purchaser assumes the risk of loss to personal property included in such purchase at closing, the purchaser does not own the personal property conveyed with the residence until the purchaser obtains possession of such residence."
The trial court's judgment entry failed to explicitly state whether the court was rendering a judgment on the pleadings, a summary judgment, or both. For purposes of our analysis, however, this is of little import as both judgments must be predicated on the court properly finding that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 12(C); McCombv. Suburban Natural Gas Co. (1993), 85 Ohio App.3d 397, 400.
In the trial court and here, appellee concedes that it is liable for loss to appellants for personal property "owned or used" by them. In this case, appellants never used the property. In addition, appellee maintains that there was no ownership because the property was never transferred or delivered to appellants.
Appellee directs our attention to In re Estate of Heine
(1950), 61 Ohio Law Abs. 384, a Hamilton County Probate Court case, for the definition of "ownership" it advances. Appellee quotes Heine. "To own is defined `to hold as property; to have a legal or rightful title to; to have; to possess,' and an `owner' is `one who owns; a rightful proprietor.'" Id. at 397, quoting B O RR. Co. v. Walker (1888), 45 Ohio St. 577, 585.[4]
Appellee argues that a transfer sufficient to vest "ownership" in personal property is not complete without delivery to the transferee. In support of this proposition, appellee quotes a paragraph from Long v. The Phoenix Column Co. (1909), 6 Ohio Law Rept. 684, 688.
 "Absolute property in personal chattels embraces first, right of possession: second, possession: third, title. When all of these conditions are present in one person he becomes the absolute owner but, one person may have the title, another the possession, and a third, the right of possession to an article of personal property. It is only when possession, the right of possession, and the title meet in one person, that ownership of personal property is complete."[5]
Accepting, for the sake of argument, appellee's narrow view of what constitutes ownership, even by its definition ownership exists when one has a legal or rightful title to personal property. It has long been held that, "[d]elivery, under a contract of sale, is not essential to pass the title to personal property[,]" Hooben v. Bidwell (1847), 16 Ohio 509, syllabus, "* * * title to personal property passes just when the parties intend it shall pass. All other rules are auxiliary to that rule." Pricev. Baum (1942), 71 Ohio App. 160, paragraph one of the syllabus. See, also, G.C. 8398-8400; R.C. 1302.42, R.C. 1302.45 concerning title sufficient to establish an insurable interest; 81 Ohio Jurisprudence 3d (1988) 213, Sales, Section 55, Effect of Agreement on Passing of Title.
The dispositive issue then is whether the parties to the purchase agreement intended title to the personal property identified in that agreement to transfer at the same time the deed to the real property was conveyed. This is a question of fact not subject to disposition in a judgment on the pleadings or in summary judgment. Sloan v. Standard Oil Co. (1964), 177 Ohio St. 149,153. Accordingly, the trial court erred in granting appellee's motion. Appellants' sole assignment of error is found well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings in conformity with this opinion. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] The Boragginas are nominally appellees in this matter.
[2] Appellants assert the value of this personal property is in excess of $10,000.
[3] Named in the pleadings without objection as Royal Insurance Company.
[4] Appellee omits the sentences immediately following those quoted which are found in both Heine and Walker:
 "An owner is not necessarily one owning the fee simple, or one having in the property the highest estate it will admit of. One having a lesser estate may be an owner, and indeed, there may be different estates in the same property vested in different persons and each be an owner thereof."
[5] Phoenix Column is essentially jury instructions by a common pleas court in a case concerning who shall bear the loss of merchandise, bought but not in possession of the buyer. Long had purchased custom colonial columns for houses from Phoenix Column. Phoenix asserted that the parties had agreed for ownership to pass on manufacture and Phoenix was only warehousing Long's columns when fire destroyed them. Appellee omits the following antecedent paragraph:
 "Upon this issue between the parties, it is the duty of the court to instruct you as to what acts of the vendor will constitute a delivery of such personal property so as to vest the title and ownership in the purchaser, and to thereby release the vendor from the risks and liability which are incident to the ownership of personal property. In the absence of any express agreement between the manufacturer or vendor, and the purchaser of any article of personal property, as to the delivery of the same, there are certain general rules of law which govern, but in this case, both plaintiffs and defendant claim that there was an agreement existing between them as to the delivery of the columns, and the court charges you that the terms of such agreement, the nature of which is to be ascertained by you from the testimony, will constitute the law of the case as to delivery, and will bind both plaintiffs and defendant, for where an agreement is proven to have been made and continued by the vendor and purchaser as to the manner and place of delivery of personal property, sold or ordered, such agreement must control, and the title or ownership does not pass except by delivery made by the vendor to the purchaser, in pursuance and accordance with the terms of the contract or agreement of the parties. * * *" (Emphasis added.)