*370
 
 Stephenson, J.
 

 Plaintiffs contend: (1) On the creation of the trust of 1927, Henry S. Sherman and Sarah Sherman Carter acquired by gift present vested interests in the
 
 corpus
 
 of the trust; (2) the interests of Henry S. Sherman and Sarah Sherman Carter are not subject to tax under the Ohio inheritance tax laws; (3) an interpretation of the Ohio inheritance tax laws which will tax the interests of Henry S. Sherman and Sarah Sherman Carter as inheritances is contrary to the provisions of Article XII, Section 2, of the Ohio Constitution, as in force prior to December 31, 1931; (4) an interpretation of the Ohio inheritance tax laws which will tax the interests of Henry S. Sherman and Sarah Sherman Carter as inheritances is contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States.
 

 All these contentions are disposed of when we determine whether the trust agreement of May 12, 1927, carried to Sarah Sherman Carter and Henry S. Sherman gifts
 
 inter vivos
 
 or gifts
 
 ccmsa mortis.
 
 Harriette B. Sherman died as the result of an automobile accident on October 26, 1929, more than two years after the trust agreement was executed. There is no question of consideration in this case. It is agreed that the estates transmitted by this instrument are gifts pure and simple.
 

 The fact that the trust instrument was executed more than two years prior to the death of the donor removes the legal presumption that it was made in contemplation of death, and casts the burden upon the tax commission of showing that these estates are taxable under our inheritance tax laws.
 

 Section 5332, General Code, as interpreted in the case of
 
 Tax Commission
 
 v.
 
 Parker,
 
 117 Ohio St., 215, 158 N. E., 89.
 

 Taking the converse of the proposition as stated in the first paragraph of the syllabus in that case, when a transfer is made without a valuable consider
 
 *371
 
 ation in money, more than two years prior to the death of the transferor, supports the contention that the tax commission carried the burden in this case of showing by the greater weight of the evidence that these gifts were made by the donor in contemplation of death, or that they were intended to take effect in possession or enjoyment at or after death.
 

 Has the tax commission successfully carried this burden?
 

 The trust instrument furnishes all the evidence necessary for the determination of all questions involved.
 

 Plaintiff in error insists that the trust is irrevocable. True, it recites that “it is mutually agreed between the parties hereto that this trust is irrevocable,” and in the next breath a provision is injected into the instrument whereby it may be revoked.
 

 This court fails to see wherein it would in any wise change the application of the inheritance tax law whether the trust was revocable or irrevocable, or whether the estates or interests transferred were vested or contingent remainders. Sections 5342 and 5342-1, General Code, provide rules for the evaluation of both vested and contingent interests, thereby revealing the legislative intent to tax the right to succeed to either and both. Plaintiff in error very properly distinguishes between these interests, but we fail to see wherein this is important.
 

 The donor, by the fixed terms of the trust instrument, retained the full enjoyment of the trust estate by the use of the following language:
 

 “The entire net income derived from the trust estate shall be paid to the donor in quarterly installments, or oftener, as and when received, for and during the life of the donor, and the trustee shall pay and deliver to the donor in addition thereto such further amounts from the principal of the trust as it
 
 *372
 
 shall deem necessary or proper for the donor’s maintenance, support, comfort or enjoyment.
 

 “Upon the death of the donor,
 
 the property constituting the trust estate at that time in the hands of the trustees shall be transferred and delivered by the trustee, share and share alike, to Sarah Sherman Carter, daughter of the donor, and Henry S. Sherman, son of the donor, to be theirs absolutely.”
 

 The enjoyment of these estates was the income. By the terms of the trust instrument, the trustee was directed to so manage the estates as to make them income producers, and the donees were not permitted to enjoy one cent of this income until donor’s death, except in case of revocation, and suffice it to say it was not revoked.
 

 The fourth paragraph of the syllabus of the well-reasoned case of
 
 Tax Commission
 
 v.
 
 Parker, supra,
 
 reads as follows:
 

 “The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness.”
 

 The donees were the children and the only children of the donor, so far as the record discloses. They had the natural claim upon her bounty. The Ohio law of descent would have carried these estates to these donees. They would have obtained everything under the law that they received under the trust instrument, under the circumstances as they exist. True, there was a provision in the trust instrument to the effect that should either or both donees predecease the donor their estates would pass in accordance with their wills, and, in the absence of wills, under the laws of descent. But the legatees or heirs of such predeceased donee or donees could not enjoy their estates until the death of the donor, as she had retained the enjoyment to herself during her life.
 

 
 *373
 
 The inheritance tax laws of the state of Minnesota and the state of Ohio are substantially the same. The Supreme Court of Minnesota, on April 22, 1932, in the case of
 
 In re Estate of Rising
 
 v.
 
 State, ex rel. Benson, Atty. Genl.,
 
 — Minn.,—, 242 N. W., 459, held that where a transfer in trust or otherwise is made, if the transferor reserves to himself or herself a life interest in the income or interest from the property transferred, it is subject to the state inheritance tax as a transfer intended to take effect in possession or enjoyment-at the death of grantor or donor. Inheritance taxes on this type of transfer do not violate the Fourteenth Amendment of the Federal Constitution.
 

 That case is well reasoned and disposes of the question involved in the instant case, and we follow it.
 

 These estates are not gifts
 
 inter vivos.
 
 It is fundamental that in order to make a gift
 
 inter vivos
 
 the donor must relinquish all control over the gift and deliver it to the donee. The donor in this case retained substantial control over the
 
 corpus
 
 of the trust by force of the terms of the trust instrument so long as she lived.
 

 Section 5332 of the inheritance tax law of Ohio does not contravene Article XII, Section 7, of the Constitution of Ohio, nor does it run counter to Article XII, Section 2, of that instrument.
 

 Having held that the estates herein are not gifts
 
 inter vivos,
 
 the taxing of the interests herein involved does not run counter to the Fourteenth Amendment of the Federal Constitution.
 

 We find that these successions come squarely within the purview of Section 5332, General Code, in that the donor did not intend that her donations should be enjoyed until after her death, and are taxable under the laws of Ohio, and the judgment of the Court of Appeals is hereby affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kenkade, JJ., concur.