By the Court.
 

 Section 5332, General Code, provides in part as follows:
 

 “A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases: * * #
 

 “3. When the succession is to property from a resident * * * by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property:
 

 “(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or
 

 “(b) Intended to take effect in possession or enjoyment at or after such death.”
 

 Was the creation of the trust a gift in contemplation of death?
 

 Section 5331, General Code, contains the following definition:
 

 “As used in this subdivision of this chapter: * * *
 

 “5. ‘Contemplation of death’ means that expectation of death which actuates the mind of a person on the execution of his will.”
 

 Section 5332-2, General Code, reads in part as follows :
 

 “Any transfer of property from a resident or of property within this state from a non-resident, if shown to have been made without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be deemed to have
 
 *121
 
 been made in contemplation of death within the meaning of this title.”
 

 This latter section is not applicable to this case, inasmuch as the decedent’s death occurred in the year 1942, and the trust was created in 1932 — ten years previously. Hence there is no presumption that the donor made the transfer in contemplation of death, and the burden of proof rests upon the Department of Taxation.
 

 In the fourth paragraph of the syllabus in the case of
 
 Tax Commission
 
 v. Parker, 117 Ohio St., 215, 158 N. E., 89, this court held:
 

 “The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness. ’ ’
 

 This pronouncement was restated and approved in the recent case of
 
 In re Estate of
 
 Robinson, 145 Ohio St., 55, 60 N. E. (2d), 615.
 

 In the instant case it is contended that the transfer was not an act of generosity or kindness and that the dominating motive for making the transfer in trust was a partial distribution in contemplation of death. The answer to these contentions is found in the stipulation of facts and the provisions of the trust agreement. The former reads as follows :
 

 “1. Carmi A. Thompson was born September 4, 1870, in Wayne county, West Virginia. On May 3, 1899, he married Leila Ellars, who survived him and who is the executrix herein. Of this marriage one child was born, Gladys Thompson Holmes, now living, to whom four children have been born, now living.
 

 “2. On February 24,1932, Carmi A. Thompson made a trust agreement with the Central United National Bank of Cleveland, Cleveland, Ohio (now Central Na
 
 *122
 
 tional Bank of Cleveland), of which a copy is hereto attached, marked exhibit A.
 

 “3. On February 24,1932, and for many years prior, and for six years thereafter, the health of Carmi A. Thompson was good.
 

 “4.
 
 If witnesses testified at this hearing they would testify that for many years prior to February 24,1932, and for at least eight years after that date Carmi A. Thompson was engaged in a number of business activities located in different cities, to each of which he gave his personal attention, and to each of which he made trips, as necessary. These activities included:
 

 “(a) The Brush-Moore Newspapers, Inc., of Canton, Ohio.
 

 “(b) Stacey Engineering Company and International Stacey Corporation, of Columbus, Ohio.
 

 “(c) Midland Steamship Company of Cleveland, Ohio.
 

 “(d) Continental Stove Company of Ironton, Ohio.
 

 “(e) A general law practice, mainly in Cleveland, Ohio, and also in various other cities, such as Columbus, Ohio, and Washington, D. C.
 

 “(f) Fidelity & Investment Company, Wheeling, West Virginia — Mr. Thompson’s connection with this company covered the seven-year period from about 1933 to 1940.
 

 “5. If witnesses testified at this hearing, they would testify that in February, 1932, the total value of Carmi A. Thompson’s assets was between three-quarters of a million dollars and a million dollars. The amount of the gift' under the trust agreement was about $80,000.
 

 “6. If witnesses testified at this hearing, they would testify that this gift was first discussed by Mr. and Mrs. Thompson on Mrs. Thompson’s birthday, September 23, 1931. At this time Mrs. Thompson told Mr.
 
 *123
 
 Thompson that they had been married for many years; that substantially all their property had been ac■quired since their marriage; that none of this property was in her name, other than their home, and that she thought Mr. Thompson should make her a gift of part of their property. To this request Mr. Thompson replied that he would create a trust in favor of Mrs. Thompson, their daughter, and grandchildren. Preparation of the trust agreement was commenced soon after this conversation and was completed with the execution of the trust agreement of February 24, 1932. The question of Mr. Thompson’s death was not discussed by Mr. or Mrs. Thompson at this time.”
 

 The trust agreement reads in part as follows:
 

 “So long as the grantor’s wife, Leila E. Thompson, shall live, the trustee shall pay her the net income then remaining, such payments to be made in monthly or such other instalments as she may request, and in the event the trustee shall deem such income to be at any time insufficient for her support or comfort, it may pay her such sums out of the principal as it shall deem necessary and proper.
 

 “If the grantor shall survive the said Leila E. Thompson, he shall be entitled to receive the net income on the trust estate then remaining in a similar manner so long as he shall live.
 

 “If grantor’s daughter, Gladys Thompson Holmes, is living at the death of the survivor of grantor and the said Leila E. Thompson, she shall be paid two-thirds (2/3) of the net income of the trust property in monthly instalments so long as she shall live, the other one-third (1/3) of such income shall be allowed to accumulate and added to the principal of the trust estate at quarterly intervals and shall be subject to investment as herein provided.
 

 
 *124
 

 “At
 
 the death of the last survivor of grantor, his said wife and daughter, if there shall be living issue of such daughter, such issue shall be entitled to receive and shall be paid two-thirds (2/3) of the net trust income, the other one-third (1/3) shall be allowed to accumulate and added to principal in the same manner as is stipulated above.
 

 “At the expiration of thirty (30) years after the birth of the youngest child of Gladys Thompson Holmes, or at the death of the survivor of grantor, his said wife and daughter, whichever event is the later, the entire principal of the trust estate as then constituted shall be distributed among the then living issue of the said Gladys Thompson Holmes.
 

 “In all cases of distribution of principal and income- to the issue of said Gladys Thompson Holmes, such distribution from time to time shall be made in equal 'parts to those persons then representing that degree of kinship nearest to the said Gladys Thompson Holmes, but in case any person or persons of such degree of kinship shall have died leaving issue, then the issue of each such deceased person shall receive the share or part which would have been distributed to such deceased person, had he lived.
 

 “If at any time after the death of the last survivor of grantor, his said wife and daughter, it becomes impossible to make distribution of income or principal ,as herein provided, this trust shall cease and distribution of the trust estate shall forthwith be made to the legal heirs of the grantor in accordance with the laws of Ohio then governing the descent and distribution of the property of a person dying intestate, as though the same is an estate of inheritance from him. ’ ’
 

 From the record it is apparent that this irrevocable living trust was created in the year 1932 — ten years before the donor’s death; that he was in good health;
 
 *125
 
 that he was sixty-two years of age; that he was actively engaged in several businesses; that he had made his will six years prior thereto; that the value of the property affected by the trust agreement was approximately $80,000; that this represented about ten per cent of the donor’s total assets; that he made no similar gifts; and that the transfer was suggested not by the donor but by his wife on the occasion of her birthday when she observed that none of the accumulated property stood in her name.
 

 In view of the cumulative effect of these circumstances the Court of Appeals was correct in refusing to hold that the creation of the trust constituted a gift in contemplation of death.
 

 Was the trust a gift intended to take effect in possession or enjoyment at or after the donor’s death?
 

 The Court of Probate and the Court of Appeals so held, and this court is of the opinion that in this respect the judgments below were erroneous.
 

 Reliance is placed upon the first paragraph of the syllabus in the case of
 
 Sherman
 
 v.
 
 Tax Commission,
 
 125 Ohio St., 367, 181 N. E., 539, in which this court held:
 

 “Estates transferred through the medium of a trust instrument, which by its terms postpones the enjoyment of the trust estate until after the death of the donor, are taxable under the inheritance tax laws of Ohio.”
 

 The court adheres to this pronouncement but it is not applicable to the markedly different facts in the instant case. In that case the mother created a revocable trust under which
 
 she
 
 — 'the donor-reserved and received for life the income and additional sums from the
 
 corpus
 
 necessary for her support, with the remainder to her two children
 
 at the mother’s death.
 
 This court held that such a gift to the children clearly
 
 *126
 
 was taxable. In contrast, in tbe instant case tbe gift to tbe wife took immediate effect in enjoyment when thb trust was created, irrespective of tbe date of tbe donor’s death. Under the terms of the irrevocable trust agreement tbe wife receives during her life tbe income and such part of the
 
 corpus
 
 as the trustee deems necessary for her support. It is provided also that if the donor should survive his wife he should receive the net
 
 income
 
 — no part of the
 
 corpus
 
 — for life, and that the other gifts should follow the death of the donor and his, wife. However, at the donor’s death the trust had been in effect and enjoyment for ten years, and his contingent life estate lapsed without affecting the chain of life tenants and remaindermen named in the trust agreement.
 

 Under these circumstances the irrevocable trust was not a gift intended to take effect in possession or enjoyment at or after the donor’s death.
 

 The judgment of the Court of Appeals holding the successions taxable must be reversed. Final judgment is rendered for the executrix.
 

 Judgment reversed.
 

 Weygandt, C. J., Bell, Williams, Matthias and Hart, JJ., concur.
 

 Zimmerman,
 
 Jf,
 
 dissents.
 

 Turner, J., not participating.