Weygandt, C. J.
 

 No appeal has been perfected from the decision of the Court of Appeals holding that the succession under the first trust is taxable. Hence, the only question of law now before this court is. whether the Court of Appeals was in error in its decision that the successions under the remaining four trusts are not taxable.
 

 Section
 
 T
 
 of Article XII of the Constitution of Ohio reads in part as follows:
 

 “Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates, * *
 

 Under this grant of legislative power the General Assembly enacted Section 5332, General Code, which includes the following provisions:
 

 “A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person * * * in the following cases: * * *
 

 “3. When the succession is to property from a resident * * * by deed, grant, sale, assignment or gift, made
 
 *129
 
 without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property: * * *
 

 “(b) Intended to take effect in possession or . enjoyment at or after such death.”
 

 Section 5331, G-eneral Code, contains the following-definition :
 

 “As used in this subdivision of this chapter: # * *
 

 “2. ‘Succession’ means the passing- of property in possession or enjoyment, present or future. ’ ’ ■
 

 Counsel agree that the foregoing provisions of the Constitution and the statutes constitute the law to be applied to the undisputed facts in this case.'
 

 Each of the four trusts here involved was created August 19, 1935, by a separate agreement between the settlor, or donor, Ben F. Hazelton, Jr., and The Toledo Trust Company as trustee. All the agreements are alike except as to the principal beneficiaries. The trusts are irrevocable, and the settlor reserved no control whatsoever over the trust property. Both title and possession of the property passed immediately and irrevocably from the settlor to the trustee. In each trust agreement an advisory committee was named and authorized to exercise “its uncontrolled discretion ” as to the distribution of income and principal to the beneficiaries; and it is provided further that the trustee ‘‘shall exercise the powers herein conferred upon it, in accordance with the directions given to it from time to time by a majority of the members of the advisory committee.”
 

 The entire difficulty in this case arises from a further provision that the trusts shall be terminated and final distribution made 20 years after the death of the principal beneficiary or of the settlor’s son or of the settlor himself, whichever death shall occur last.
 

 It is conceded that under this latter provision the possession and enjoyment of the principal beneficiaries
 
 *130
 
 were immediate upon the establishment of the trusts, irrespective of the time of the .settlor’s death, and that hence these successions are not taxable.
 

 However, it is insisted that the language of this provision in each trust agreement shows that as to the secondary beneficiaries, or remaindermen, the settlor’s gifts necessarily were “intended-to take effect in possession or enjoyment at or after” the settlor’s death.
 

 Reliance is placed on the decision of this court in the case of
 
 Sherman
 
 v.
 
 Tax Commission,
 
 125 Ohio St., 367, 181 N. E., 539, in which the syllabus reads as follows :
 

 “1. Estates transferred through the medium of a trust instrument, which by its terms postpones the enjoyment of the trust estate until after the death of the donor, are taxable under the inheritance tax laws of Ohio. .
 

 “2. The fact that the trust instrument was executed more than two years prior to the death of the donor has the effect only to remove the presumption that the gifts were made in contemplation of death and to cast the burden upon the Tax Commission of showing that the estates transferred are taxable under our inheritance tax laws, and when the instrument transferring the estates provides that their enjoyment is postponed until after the death of the donor the Tax Commission has sustained its burden.
 

 “3. The-inheritance tax laws of the state of Ohio, providing for the taxing of such estates, do not contravene Article XII, Section 7, nor Article XII, Section 2, of the Constitution of Ohio, nop do they contravene the Fourteenth Amendment to the Federal Constitution. ’ ’
 

 This court cited, discussed and approved that decision in the
 
 per curiam
 
 opinion in the subsequent case of
 
 In re Estate of Thompson,
 
 147 Ohio St., 119, 68 N. E. (2d), 71, in which the successions were held not
 
 *131
 
 taxable. The marked contrast in the facts was noted. It was observed that in the
 
 Sherman case
 
 the mother created a
 
 revocable
 
 trust under which she — the settlor, or
 
 donor
 
 — reserved and received for life the income and additional sums from the corpus necessary for her support, with the remainder to her two children
 
 at the mother’s death-,
 
 and this court held that such a gift to the children clearly was taxable. In contrast, in both the
 
 Thompson
 
 and the instant cases the trusts are
 
 irrevocable,
 
 the settlors reserved
 
 no control
 
 or interest, both title and possession of the trust
 
 res
 
 passed immediately and irrevocably from the settlor to the trustee, and the principal beneficiaries received their possession and enjoyment immediately upon the establishment of the trusts, irrespective of the date of the settlor’s death.
 

 In both the
 
 Sherman
 
 and the
 
 Thompson cases
 
 it was contended also that each transfer was made in contemplation of the death of the settlor, as that phrase is used in Section 5332 3 (a), General Code. However, it should be noted that this is not suggested in the instant case.
 

 But it is insisted that the gifts here sought to be reached are the distributions of the corpus to be made at the termination of the trusts, and that a present right to receive at some future time," even though vested, does not constitute present possession or enjoyment.
 

 In taxing transfers
 
 inter vivos,
 
 inheritance, or'succession, tax laws are not intended to prevent an owner from making a proper disposition of his property by gift or otherwise during his lifetime. The primary purpose is to reach substitutes for testamentary disposition, and thus to prevent evasion of the tax. 28 American Jurisprudence, 81, Section 139; 121 A. L. R., annotation, 359.
 

 Does the evidence show that this settlor resorted to
 
 *132
 
 these trust agreements as devices for evading the tax on successions which in reality were testamentary in character and "intended to take effect in possession or enjoyment at or after” his death?
 

 While, as -already observed, it is provided that the trusts shall be terminated twenty years after the death of three persons — the settlor’s son,.the settlor himself and the principal beneficiary — this is not the only provision of importance in determining whether the settlor by means of purported gifts
 
 inter vivos
 
 intended to accomplish a testamentary disposition of his property taking effect at or after his death.
 

 It should be noted that each trust agreement expressly required the trastee to pay to the principal beneficiary as much of the income and principal of the trust property as the advisory committee in its uncontrolled discretion should direct; and this manifestly could have resulted in the exhaustion of the trust property during the lifetime of the settlor. Furthermore, each trust agreement expressly required the trustee to pay to the secondary beneficiaries after the death of the principal beneficiary as much of the income and principal of the trust property as the advisory committee in its uncontrolled discretion should direct; and this provision, too, could have resulted in the exhaustion of the trust property during the lifetime of the settlor. Then, too, the death of the settlor was not made a conclusive factor in determining the final distribution of any property remaining in the trust, since it' would have been necessary for him to survive both his son and the principal beneficiary if his death were to be of importance in this respect.' He was the
 
 first
 
 of the three to die.
 

 In view- of these considerations, and by reason of the further facts that these trusts are irrevocable with no reservation of either interest or control, this court is of the view that the Court of Appeals was not in error in
 
 *133
 
 holding that the settlor’s gifts
 
 inter vivos
 
 were not intended to accomplish a testamentary disposition of his property to take effect at or after his death.
 

 Under the particular facts in this case the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.