**SHARP, Estate of, In re.**

Probate Court, Clinton County.

No. 10513.   Decided February 18, 1954.

## OPINION

By PUSATERI, J:

This matter is before this court by virtue of an exception to the inclusion of certain real property in the determination of inheritance tax in the estate of Samuel Sharp deceased, which said exception was filed by Anna E. Smith, individually and as executrix of the estate of Z. T. Smith, deceased.

Samuel Sharp, decedent herein, conveyed by warranty deed, dated June 15, 1945 and filed for record the same date and recorded in Volume 129, Page 557, Deed Records of Clinton County, Ohio, to Anna E. Smith and Z. T. Smith.   Grantor, Samuel Sharp, decedent herein, reserved unto himself a life estate in said real property, by the inclusion in said deed of the following phrases: ". . . reserving unto the grantor a life estate in said premises."   "Save and except the life estate reserved to the grantor."   There was a recitation of ". . . $1.00 and other good and valuable considerations."   However, there were no federal documentary transfer stamps on said deed and the parties herein readily acknowledge that the transfer was in fact an outright gift.   Therefore, this transaction falls

squarely within the phrase ". . . made without valuable consideration substantially equivalent in money or money's worth to the full value of said property;" as contained in §5731.02 (C) R. C. Therefore, the matter before this court for consideration is as follows:

1. A transfer of real property by grantor to grantee.

2. No consideration whatsoever for said transfer, making it an outright gift.

3. A reserved life estate to grantor.

Do the facts as set forth in Items 1, 2 and 3 above, bring such a transfer within the meaning of the phrase "Intended to take effect in possession or enjoyment at or after such death;" as set forth in §5731.02 (C) (2) R. C.? (Sec. 5332-2 (b) GC.)

Exceptor herein has contended that the interest of the grantees vested immediately upon the conveyance of the real property and that therefore the gift does not come within the meaning of the phrase "Intended to take effect in possession or enjoyment at or after such death;" However, neither counsel for the parties herein nor this court could find any Ohio case or cases dealing directly with this question. There are Ohio cases dealing with situations wherein consideration did flow from grantee to grantor or where trusts were involved. But this court does not believe that said cases shed any light on the single question involved herein.

It is the opinion of this court that the question of title vesting is not the controlling factor. By the very terms of the statute involved herein the question is when did grantees have the right to "possession or enjoyment" and not when did title vest in them. That is to say, even though legal title may have vested in grantees as of the day of the conveyance, they did not in fact have the right to possess the property herein; they did not have the right to enjoy said property; in fact, they could do nothing with the property until the death of grantor herein. This court has given the terms "possession or enjoyment" the common, everyday layman's connotation in considering this matter.

This court must therefore conclude that the exception taken by the above mentioned Anna E. Smith to the inclusion of the real property conveyed from Samuel Sharp to Anna E. Smith and Z. T. Smith, as above mentioned, in the determination of the inheritance tax in the estate of Samuel Sharp, deceased, by this court, is not well taken.

An entry in conformity with this opinion should be drawn.