**GARBRY, Estate of, In re.**

Probate Court, Miami County.

No. 37030. Decided May 6, 1955.

Earl N. Merwin, Assistant Attorney General, Columbus, for Ohio State Department of Taxation, Exceptor.

Baird Broomhall, Troy, and John E. Fulker, Troy, for Ralph B. Garbry and J. Scott Garbry, Administrators of the Estate of Pearl D. Garbry, deceased.

## OPINION

By FAUST, J.

This cause came on to be heard upon the exceptions filed herein to the determination of inheritance tax in the Estate of Pearl D. Garbry, deceased, by the Department of Taxation, State of Ohio.

The exceptions stipulate that the application and journal entry in the determination of the inheritance tax do not include the value of certain property which Pearl D. Garbry received from the estate of her late husband, Joseph F. Garbry, Administration No. 32278 and which property she subsequently transferred to her sons, J. Scott Garbry and Ralph B. Garbry, by deed, reserving to herself a life estate in said real estate, thereby creating a succession taxable to the sons under the provisions of §5731.02, C-2 R. C.

It is agreed by Counsel that the facts in this cause are not in dispute. From the testimony it is apparent that no or substantial consideration was given by the two sons to the mother for the transfer of the real estate. Federal Documentary Transfer Stamps as indicated by the photostatic copy of the deed in the sum of fifty-five cents would suggest that the consideration was for $500.00. However, upon investigation, it was revealed by counsel that the transfer stamps were inadvertently annexed to the deed, that the conveyance recites a consideration of "One Dollar and other good and valuable considerations;" that the parties herein testified that the transfer was made to protect the grantor and that "she wanted to give it to the boys."

In a review of the testimony it is found by the Court that sometime prior to March 15, 1950, Pearl D. Garbry, now deceased, counseled with her attorney relative to contemplated disposition of certain real estate which she inherited from her husband, Joseph F. Garbry.

After some deliberation she conveyed her interest in the real estate to her two sons, J. Scott Garbry and Ralph B. Garbry, who contend that they actually had entered into possession and enjoyment of the real estate subsequently conveyed to them by their mother many years prior to her death, and therefore the conveyance is not within the purview of the statute.

The Department of Taxation maintains that the transfer by Pearl D. Garbry to her sons was intended to take effect in possession or enjoyment at or after such death was within the meaning and intendment of §5731.02 R. C., and accordingly subject to inheritance tax.

Sec. 5731.02 R. C.

Levy of Tax; successions subject to tax.

A tax is hereby levied upon the successions to any property passing, in trust or otherwise, for the use of a person, institution or corporation in the following cases.

C. When the succession is to property from a resident, or to property within this state from a non-resident, by deed, grant, sale. assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property.

1. In contemplation of the death of the grantor, vendor, assignor, or donor;

2. Intended to take effect in possession or enjoyment at or after such death.

After a review of the law, facts and testimony in issue in this cause, the Court finds that the transfer of the interest of Pearl D. Garbry to J. Scott Garbry and Ralph B. Garbry, reserving her life estate, was "made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property" as provided in §5731.02 (C) R. C.

Therefore we have the following facts for consideration: The transfer of real estate by Pearl D. Garbry, grantor to J. Scott Garbry and Ralph B. Garbry, grantees, the remaindermen; made without valuable consideration substantially equivalent in money or money's worth to the full value of the said property; grantor reserved life estate in the real estate transferred.

Many cases have been cited by Counsel pertaining to a transfer to take effect in possession or enjoyment at or after death when the legal title is transferred by way of a trust, reservation of life estate or some other devise whereby the grantor attempts to retain the beneficial interest until his death or after. However, except for one particular case, no Ohio cases seem to deal directly with the question at issue.

Rising's Estate v. State

242 N. W., page 463,

"It is said in that opinion, arguendo, that 'succession is effected as completely by a transfer of a life estate to one and remainder over to another as by a transfer in fee.' That is a transfer of the fee, but incumbered by a life estate. And certainly the immediate vesting of the remainderman's interest does not bring him either possession or right of possession, two essentials of perfect title. His successions to both is postponed to the donor's death. A remainder is an estate or interest 'to take effect in possession or enjoyment upon the determination of a prior estate.' So in the very nature of the thing, the remainderman's real succession can come only upon, and by reason of the death of life tenant."

**Sharp, Estate of, In re,**

**67 Abs, 415, 416,**

"It is the opinion of this Court that the question of title vesting is not the controlling factor. By the very terms of the statute involved herein the question is when did grantees have the right to 'possession or enjoyment' and not when did title vest in them. That is to say, even though legal title may have vested in grantees as of the day of the conveyance, they did not in fact have the right to possess the property herein; they did not have the right to enjoy said property, in fact, they could do nothing with the property until the death of grantor herein."

The terms of the instrument granting unto J. Scott Garbry and Ralph B. Garbry a remainder estate would limit their right to actual possession or enjoyment until after either the death of Pearl D. Garbry or upon her conveyance of the life estate to them.

J. Scott Garbry and Ralph B. Garbry managed the farm for Pearl D. Garbry for which they received compensation for work  This was an agreement which could have been terminated by either party. Pearl D. Garbry could hire whomever she chose to manage and cultivate the soil on her farm. Only upon her death or conveyance of her life interest would she be deprived of her right to immediate possession. .

The Court, therefore, must conclude that the exceptions filed to the Determination of Inheritance Tax in the estate of Pearl D. Garbry, deceased, to the exclusion of the transfer of real property from Pearl D. Garbry to J. Scott Garbry and Ralph B. Garbry is well taken, and exceptions sustained.

An entry may be prepared by Counsel accordingly.