## GARBRY, Estate of, In re.

Ohio Appeals, Second District, Miami County.

No. 503.   Decided March 21, 1956.

Baird Broomhall, John E. Fulker, Troy, for defendants-appellants.

C. William O'Neill, Atty Genl., Earl M. Merwin, Asst. Atty. Genl., Columbus, for plaintiffs-appellees.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Probate Court of Miami County, Ohio, sustaining exceptions filed by the Department of Taxation of Ohio to the determination of inheritance tax in the estate of Pearl D. Garbry, deceased.   By the order it was held that

the transfer of certain real property from decedent to her son was subject to the succession tax provided in §5731.02 R. C. The tax was ordered to be levied by that part of the foregoing section in

(C) When the succession is to property from a resident * * *, by deed * * * or gift, made without a valuable consideration substantially in money or money's worth to the full value of such property;

(2) Intended to take effect in possession or enjoyment at or after such death.

The only question presented in this case is whether or not the transfer under consideration was intended to take effect in possession or enjoyment at or after the death of Pearl D. Garbry, deceased.

The material facts appearing are that on March 14, 1949, decedent executed and delivered her deed for her undivided one-third interest in some two-thousand acres of land, which she had acquired by devise from her late husband, to her sons, Ralph B. Garbry and J. Scott Garbry, reserving a life estate to herself. The sons were at the time the deed was made the owners in fee of the undivided two-thirds interest in the real estate described in the foregoing deed and then and thereafter were in the active management and in the possession of the real estate. Prior to the making of the deed and subsequent thereto until the death of decedent she received annually one-third of all the income from the land.

Appellants urge that the transfer in question was not intended to take effect in possession or enjoyment upon the death of Mrs. Garbry, "but was intended to and actually did take effect in both possession and enjoyment immediately, and that the transfer was not, therefore, within the statute."

Giving to the applicable language of the statute its most favorable interpretation in favor of appellants, we are required to say that decedent did not relinquish her right of possession and enjoyment of the land deeded which right was reserved to her by her life estate. This right is the controlling test of the application of the statute. It is well stated in Lloyd v. Commissioner of Internal Revenue, 141 F. 2d 758.

"The criterion for determining whether the transfer of an interest in property is intended to take effect in possession or enjoyment at or after the transferor's death is whether he retains a string or a tie whereby he can reclaim the transferred property or whether he has otherwise reserved an interest the passing of which to others is determinable by his death."

In lieu of the exercise of the right of possession decedent received the income for that right. None of the acts of decedent respecting possession and enjoyment of her life estate succeeding the delivery of the deed was inconsistent with her full right of possession and enjoyment of her interest in the land.

We have been favored with the written opinion of Judge Fause of the Probate Court and are satisfied that it is sound. His reliance upon the case of **In re Estate Sharp, 67 Abs 415** is justified.

In Ohio there is no opinion of the higher courts but outside of Ohio,

there is an abundance of authority supporting the construction of the statute as made by the trial judge in this case.

Annotations: 49 A. L. R. 874; 67 A. L. R. 1250; 100 A. L. R. 1244; 121 A. L. R. 359; 155 A. L. R. 850. Contra Reinecke v. Northern Trust Co., 278 U. S. 347, 49 S. C. R. 125; dissenting opinion, Olsen, J., in Rising's Estate v. State ex rel Benson, Attorney General (Minn.) 242 N. W. 464.

It seems a misnomer to call the transfer in this case a succession. Decedent passed nothing whatever to appellants and the enlargement of their right of possession and enjoyment developed because of their title to the remainder and not by reason of the succession of the life estate. However, this phase of the case is not before us and the scope of the statute may not be determined by the common understanding of its purpose, viz: to levy a tax on succession.

The judgment will be affirmed.

MILLER, PJ, CONN, J, concur.