ALLYN, Estate of, In re.

Probate Court, Geauga County.

No. 11762.   Decided May 4, 1960.

*Mr. Robert J. Kosydar*, assistant attorney general.
*Mr. William R. McDonald*, for estate.

FORD, J. This matter came before the Court upon the filing by the Department of Taxation of Ohio of Exceptions to the Court's determination of inheritance tax. The Department claimed that the Court erred in finding that certain real estate described in Schedule D of the application to determine tax, valued at $18,000.00, is not subject to the incidence of the Ohio inheritance tax. After the hearing, the facts disclosed that the transfer was listed on the Federal Estate Tax estimate as a gift in contemplation of death for the reason the transfer took place within the three-year period, which under the federal law establishes a presumption that said gift is made in contemplation of death. Said deed was in fact dated April 18, 1956, and recorded on April 19, 1956.

After argument and filing of briefs and upon review of the transcript of the testimony, it is the finding of this Court that the Exceptor has failed to prove by a preponderance of the evidence that the gift was made in contemplation of death. There is little or no evidence that, ''that expectation of death

which actuates the mind of a person on the execution of a will" impelled this gift. If anything, the deceased's motives at the time of transfer were associated with life.

There is another element which must be considered and a question to be answered. That question is, was the intent of the deceased to distribute or partially distribute the estate or was it an act of generosity? The Court must answer this question after consideration of all the facts and circumstances existing at the time of the transfer. *In re Robinson*, 145 Ohio St., 55. The Court must look to the substance rather than the form, as the formal distinctions pertaining to the law of real property are to be rejected as irrelevant criteria in the field of taxation.

Do the facts show that this is a business arrangement between mother and daughter in that the daughter would take over the administration of the household, pay taxes and water rent? This in fact is what the daughter did, though an agreement was not proven. Was there anything else, such as an agreement to provide nursing care, food, house repairs or any payment obligation of the daughter, which would make this transfer a sale? The evidence indicates that there was not.

Was this an act of generosity? It certainly was. But when were the benefits to accrue to the daughter? The gift was not made to the daughter to help her thru an economic low spot or to educate a grandchild or to pay for an illness, nor did the daughter obtain any rent or a place to live thereby. If anything, while the mother lived the daughter was additionally burdened, not benefited.

The Court considers the purpose of the transaction and is not controlled by the formalities thru which it passes. *In re Weber*, 24 Ohio N. P. (N. S.), 33. The intention of the grantor by an absolute conveyance to postpone possession or enjoyment until at or after death may be shown by an oral understanding or agreement as well as by a reservation expressed in the deed. 28 American Jurisprudence, Sec. 168.

The words found on page 13 of the transcript of the testimony are therefore critical in the determination of this case.

"Q—Was there an oral understanding she was to have the property still until she died?

"A—Yes. Well, she just said, 'I will live here,' and I

said, 'Of course you will live here, *it is yours.*' " (Emphasis ours.)

The Court therefore finds that the transfer was one which falls under Section 5731.02(G) (2), Revised Code, and is therefore taxable and it is ordered that the entry dated September 15, 1959, be corrected in accordance herewith.

The Court further finds after careful reading, that the attorney for the Estate erroneously cited *Nichols* v. *Collidge*, 274 U. S., 531. Though the facts are similar, the case is totally inapplicable, for the ruling in said case applied only to transfers made prior to the passing of a law imposing tax on "at or after" succession.