IN RE ESTATE OF AUGUSTUS.

(No. 351—Decided May 5, 1965.)

*Messrs. Thompson, Hine & Flory* and *Mr. Frank E. Bubna,* for Albert A. Augustus II, Executor of the estate.
*Miss Joan E. Zuber,* for the Tax Commissioner.

POLLOCK, J.  This matter was heard on April 13, 1965, on exceptions of the Tax Commissioner to the court's order and finding of August 20, 1964, determining inheritance tax on the successions to the estate of Ellsworth H. Augustus, deceased. The matter was submitted on briefs and oral argument.  The error complained of is the determination by the court that certain transfers provided for in an *inter vivos* trust with the Central National Bank of Cleveland dated November 29, 1920, created by the decedent were not subject to Ohio Inheritance tax.

The pertinent provisions of the trust are as follows:

"I. The Grantor reserves the right at any time to substitute for any of the securities transferred to the said Trustee, upon the execution of this agreement or at any time held by

136

the Trustee under this agreement, other securities of the same value.

"II. The Grantor reserves the right to add to the fund at any time. (This item not quoted.)

"III. The Trustee shall pay, when and as received, or in such manner as the person entitled to the payments may in writing direct, the entire net income derived from said trust property to the Grantor during his life; and, after the death of Grantor, to the wife of the Grantor, if she shall survive him, during her life and so long as she shall remain unmarried, for the support and maintenance of herself and of their children if any.

"IV. On the death of the Grantor, surviving his wife, or upon the death or remarriage of the widow of the Grantor, the principal of said trust property shall be divided into as many equal parts as there are children of the Grantor, both living and deceased with issue surviving. The income from one of said parts shall be paid to the legal guardian of each living minor child of the Grantor for the benefit of said child and to the child himself from the age of legal majority until he shall reach the age of twenty-five years."

The stipulation of facts filed in the case recites that the decedent deposited securities having a value of approximately $151,298.08 at the creation of the trust and thereafter cash and bonds of the value of $51,594.03 and that at the date of death the corpus of the trust had a value of $1,819,337. The net probate assets were approximately $531,000.

The statute applicable to the case is Section 5731.02, Revised Code, and reads in pertinent part as follows:

"A tax is herby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

\* \* \*

"(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

(1) In contemplation of the death of the grantor, vendor, assignor, or donor;

(2) Intended to take effect in possession or enjoyment at or after such death;"

Section 5731.01 (B), Revised Code, provides

" 'Succession' means the passing of property in possession or enjoyment, present or future."

The facts in the case are clear and present an issue uncomplicated by surrounding facts. Here the decedent created an *inter vivos* trust reserving to himself the entire net income from the trust for life and after his death the same for his wife during her life or until she remarried and upon the death of the survivor of them for the benefit of their children until they become twenty-five years old when the corpus would be distributed to each as he or she arrived at that age. In addition to the above, the only right reserved to the grantor of the trust was the right to substitute securities transferred to the trustee for other securities of the same value and the right to add securities to the trust at any time.

In considering the law applicable to this case, care must be taken to not be led astray by considering decisions in cases where the facts are essentially different. To narrow the issues in this case, the court believes it desirable to list some of the factual matters which are not a part of this case. First, there is no question of the gift in contemplation of death and the exceptor does make claim to this. Second, there is no reservation by the settlor of any of the right to revoke or to use for his own benefit the corpus of the trust. Third, there is no provision in the trust for accumulating income during the life of the settlor. Fourth, there is no provision for the payment to or accumulation of income for anyone other than the settlor during his lifetime.

The basic distinction between the case at bar and many of those cited as authority is stated in 85 Corpus Juris Secundum (Taxation) at page 933 and reads as follows:

"Within the terms of a statute taxing transfers intended to take effect in possession or enjoyment after death of the transferor are transfers wherein the grantor reserves a life estate to himself, or the right to the use, profits, or income from the property, or a portion thereof for life; but where the transfer is to another for life with remainder to others in fee, the transfer is not one intended to take effect in possession

after the death of the grantor within the meaning of such a statute.''

The executor maintains that the general rule as stated above saying that when the grantor reserves to himself the income for life, the same is ''within the terms of a statute taxing transfers'' is not the rule in Ohio. In considering this specific question, the court finds that care must be taken not to be led astray by the large number of cases dealing with the subject of taxability in cases where the use or income is for persons other than the settlor with remainder over to still others as for example to settlor's wife for life with remainder over to his children.

The cases decided by the Supreme Court of Ohio which have been discussed by counsel in their briefs and oral argument are so different in their facts as to make them less than decisive here. In the case of *Sherman* v. *Tax Commission*, 125 Ohio St. 367, the settlor provided that the entire net income was to be paid to her for life (as here) but she also provided that the trustee had discretion to pay principal to the settlor and the facts show that this did happen. She also reserved the right to terminate the trust by directing immediate distribution of the corpus to the remaindermen and she retained certain powers over investments in the trust. The right to use the corpus and to terminate the trust distinguishes the facts from the present case. However, the first paragraph of the syllabus states a proposition of law which is important. It is as follows:

''Estates transferred through the medium of a trust instrument, which by its terms postpones the enjoyment of the trust estate until after the death of the donor, are taxable under the inheritance tax laws of Ohio.''

Another observation which deserves note in connection with the Sherman case is the fact that in its opinion the court quoted with approval the case of *In re Estate of Rising*, 186 Minn. 58, 242 N. W. 459, in which the settlor reserved nothing to himself but the life interest in the income and in this case a tax was imposed. The court found that the statutes of the two states were substantially the same and said at page 373, ''That case is well reasoned and disposes of the question involved in the instant case, and we follow it.''

The next case decided by the Supreme Court of Ohio is *In re Estate of Thompson* (1946), 147 Ohio St. 119. Carmi A. Thompson in 1932 created an irrevocable trust which provided that the income from the trust funds should be paid to his wife for life together with such part of the principal as the trustee deemed necessary for her support. The trust instrument also provided that in the event the grantor survived his wife, then the income should be paid to him for life, with remainders over. The settlor did predecease his wife by ten years and the court seemed to attach no importance to the possibility of the income being payable to the settlor.

In its opinion (page 125) the court quotes the first paragraph of the syllabus of the *Sherman case* and says, ''The court adheres to this pronouncement but it is not applicable to the markedly different facts in the instant case.'' The court goes on to contrast the facts in the two cases and concludes that:

''Under these circumstances the irrevocable trust was not a gift intended to take effect in posssssion or enjoyment at or after the donor's death.''

Essentially the same contrast of facts exists between the instant case and the *Thompson case* as existed between the *Sherman* and *Thompson cases.*

The third case in which the Supreme Court of Ohio has dealt with our problem is *In re Estate of Hazelton* (1947), 148 Ohio St. 127. Five years before his death Mr. Hazelton created five irrevocable *inter vivos* trusts, all of which were similar except as to the principal beneficiaries. They were himself, his first wife, son, sister and second wife. The Court of Appeals for Ottawa County held the trust for his own benefit taxable and no appeal was taken. This would leave the opinion of the Court of Appeals as a precedent to be considered in determining what the courts have held the law of Ohio to be. The Supreme Court found (page 129) that:

''The trusts are irrevocable, and the settlor reserved no control whatsoever over the trust property. Both title and possession of the property passed immediately and irrevocably from the settlor to the trustee. In each trust agreement an advisory committee was named and authorized to exercise 'its uncontrolled discretion' as to the distribution of income and principal to the beneficiaries;* * *.''

The conclusion of the court is stated in the final paragraph of the opinion, to wit:

"In view of these considerations [those set forth above], and by reason of the further facts that these trusts are irrevocable with no reservation of either interest or control, this court is of the view that * * * the settlor's gifts *inter vivos* were not intended to accomplish a testamentary disposition of his property to take effect at or after his death."

Again the Supreme Court affirms the first paragraph of the syllabus of *Sherman* v. *Tax Commissioner, supra,* but distinguishes the *Hazelton case* from the *Sherman case* by holding that in the *Hazelton case* there was a valid *inter vivos* trust not taking effect on the death of the settlor. The same distinction made by the Supreme Court applies to the facts in the instant case. Here there was a reservation of interest by reason of the fact that the settlor provided for the payment of income to himself during his lifetime.

The contention is made that the Tax Commissioner urged that the *Hazelton* trusts were subject to tax because the settlor provided that the corpus of the trust should be distributed 20 years after the death of the principal beneficiary, or of the grantor's son or of the grantor himself, whichever death occurred last. The grantor was the first to die. It was conceded that there would be no tax against the principal beneficiaries but that the contrary was true as to the remaindermen at the termination of the trust. The fact that the court held against the Tax Commissioner and found the estate not taxable is not determinative of this case because as noted in the final paragraph of the opinion quoted above, the settlor reserved no interest to himself which in our case he did. In the *Hazelton case,* the Supreme Court threw in an additional factor that the trustee might in its discretion distribute all of the corpus to the principal beneficiaries.

There are a number of Probate Court decisions, none of which are directly in point but which have a bearing on the present issue. In the case of *In re Estate of Heine* (1950), 61 Ohio Law Abs. 384, Probate Judge Chase M. Davies of Hamilton County, who is not only an outstanding judge but also an author on probate matters, wrote an excellent opinion analyz-

ing the Ohio cases and many leading cases from other states and certain Federal decisions. In his case the settlor, Mrs. Heine, a 69-year-old lady of great wealth created an irrevocable trust, the income of which was to be accumulated until her death and at that time, the corpus including the accumulated income was to be divided between her two daughters. The settlor retained the right to require the resignation of the trustee, to designate a successor and to modify the powers of the trustee but the settlor retained no right to benefit from the corpus or income. There was no question of the trust being a gift in contemplation of death.

In his decision Judge Davies held at page 388 that:

"Courts have uniformly held that transfers in which the donor retains during his lifetime the right to receive income from the trust are taxable as being intended to take effect in possession or enjoyment at or after the donor's death."

The discussion of the problem of whether the accumulation of income during the lifetime of the settlor makes the estate taxable is not germane to our case. It is interesting to note however that his conclusion is based on the theory the test of taxability depends on whether or not the settlor has "irrevocably parted forever with all of her interest, title, *possession and enjoyment* in those securities." By this test, Mr. Augustus' trust would fail to qualify for exemption since he retained the enjoyment of the income during his lifetime.

In the case of *In re Estate of Sharp* (1954, Clinton County), 67 Ohio Law Abs. 415, we have a situation in which Mr. Sharp deeded real property to Anna and Z. T. Smith by warranty deed but reserved to himself a life estate in the premises and it was admitted that the transfer was a gift. This is not a trust but it is governed by the same sections as to inheritance taxation. The headnote of the case is as follows:

"1. Under the provisions of Section 5731.02 (C), Revised Code, relating to the taxation of transfers made without consideration and intended to take effect in possession or enjoyment at or after death, the time of the vesting of the title is not the controlling factor but rather when the grantee is entitled to possess and enjoy the property and where an owner of real property transfers such property without consideration

reserving therein a life estate a taxable succession arises in the grantee on the life tenant's death.''

Again in the case of *In re Estate of Garbry* (1956, Miami County), 74 Ohio Law Abs. 513, we have a case where a mother deeded her undivided one-third interest in a farm to her two sons but reserved a life income of one-third of the income during her lifetime. The third headnote reads as follows:

''3. Where a transferor of real property without a valuable consideration substantially in money or money's worth, reserved a life estate therein and in lieu of the exercise of the right of possession received the income from such right, she did not relinquish her right of possession and enjoyment of such land and such transfer was a taxable succession on her death.''

Summarizing the Ohio decisions, we find that there is no case on all fours with the facts in the instant case. The *Sherman case* is not controlling because the settlor not only reserved life income but also the right to invade the corpus of the trust and the right to terminate it during her lifetime. In the *Thompson* and *Hazelton cases*, the settlor did not reserve any income to himself, except in the *Hazelton case* involving separate trust funds, the Court of Appeals held that the trust in which the settlor did reserve income for himself was taxable. In the *Heine case* the settlor of the trust did not reserve any income to herself and in the other two cases decided by Probate Courts the gift was made not by trust instrument but by deed with a reservation of a life estate with the income therefrom reserved to the grantor. It should also be recalled that the Supreme Court in both the *Thompson* and *Hazelton cases* subscribed to the third paragraph of the syllabus of the *Sherman case* and in the *Heine case* the court said that ''transfers in which the donor retains during his lifetime the right to receive income from the trust are taxable. * * *''

The conclusion seems obvious that Ohio conforms to the rule as stated in the section quoted above in Corpus Juris Secundum that transfers are taxable if the grantor reserves to himself the income from property transferred intended to take effect in possession or enjoyment after the death of the transferor. (Vol. 85 Pg. 933.)

In cases outside of Ohio which are on all fours with the

instant case, the court finds no cases which hold that such a trust is not taxable. In *In re Estate of Rising* (1932), 186 Minn. 58, quoted with approval by our Supreme Court in the *Sherman case*, there was no reservation in the settlor of the right to invade the principal but only to receive income and the trust was held to be taxable.

The Supreme Court of Minnesota is more severe in the construction of taxability than Ohio in that it held that even though the settlor divested himself of all control, the mere fact that distribution should not take place till settlor's death rendered the trust taxable. See *Chase* v. *Commissioner* (1948), 226 Minn. 521.

Judge Davies, in *In re Estate of Heine* (1950), 61 Ohio Law Abs. 384, reviewed a considerable number of cases from other states some of which held that the trust was taxable if it was not distributable until donor's death and some held the trust taxable only if the donor reserved income to himself. In no case was the estate not taxable if the donor reserved income to himself. For the purpose of this opinion, the court deems it unnecessary to quote from those cases or the numerous other ones to the same effect.

Finally, counsel have referred to the United States Supreme Court cases on the same subject. Suffice it to note that in the case of *May* v. *Heiner* (1930), 281 U. S. 238, the court held that for Federal Estate Tax purposes a retained life estate did not subject the estate to tax. This case was reversed in the case of *Commissioner of Internal Revenue* v. *Church* (1949), 335 U. S. 632. The reasoning of the court in that case is so compelling as to justify being quoted here.

"Church was sole owner of the stock before the transfer. Probably their greatest property value to Church was his continuing right to get their income. After legal title to the stocks was transferred, somebody still owned a property right in the stock income. That property right did not pass to the trust beneficiaries when the trust was executed; it remained in Church until he died."

Later, Congress enacted a law nullifying the law established by the *Church case* and others following it. If the rule is to be changed in Ohio, it is suggested that it be done by the legislature, not by the court.

In conclusion, it is the opinion of the Court that exceptions one and two to the determination of inheritance tax in this estate are well taken and are sustained.

*Exceptions sustained.*