IN RE ESTATE OF GILMORE, DECEASED.

(No. 238018. Decided June 25, 1965.)

Probate Court of Hamilton County.

*Mr. David E. W. Chatfield*, for the estate of James Gilmore, deceased.

*Mr. William B. Saxbe*, attorney general, and *Mr. William M. Culbert*, for Tax Commissioner.

DAVIES, J. Elizabeth Bertha Gilmore, as executrix of the estate of James Gilmore, deceased, has excepted to the determination of inheritance taxes payable on the successions to said estate on the ground that "the court erred in determining the value of the interest of the decedent in real estate known as 2531 Kemper Lane, Cincinnati, Ohio."

The facts are not in dispute. On June 8, 1948, James Gilmore conveyed said real estate by deed of gift to his son and daughter, Rupert L. Gilmore and Elizabeth Anne Gilmore, reserving to himself a life estate in said premises and paying a federal gift tax on the transfer. On March 16, 1955, the daughter transferred her undivided one-half remainder interest in said realty to her brother. On August 15, 1957, the brother, Rupert Lucas Gilmore, died, testate, devising his entire estate to his said sister, Elizabeth Ann (Gilmore) Schaudig. The Kemper Lane real estate was valued at $50,690.00 for inheritance tax purposes in the estate of Rupert Lucas Gilmore, deceased, and the value of James Gilmore's life estate was determined to be $5617.25. An inheritance tax was assessed against

the sister on $45,072.75, the value of the remainder interest to which she succeeded as devisee under her brother's will.

James Gilmore, the original grantor, died on December 31, 1962, and the full value of the Kemper Lane property, valued at $60,000.00, was determined to be a succession from James Gilmore to his son and daughter, Rupert and Elizabeth Anne, fixed upon an amount of $30,000.00 to each of said grantees. In her exceptions the executrix contends that the inheritance tax in James Gilmore's estate should be determined only upon the value of his life estate in the real estate in question.

In the case of *In re: Estate of Garbry*, 74 Ohio Law Abs. 513, the court considered a case similar to the case now before the court. In the *Garbry case*, a transfer of an undivided one-third interest in real estate was made by a mother to her two sons, reserving to herself a life estate therein made without a valuable consideration substantially in money or money's worth, and the court held that this transfer constituted a taxable succession on the mother's death even though the sons were the owners of the other two-thirds and were in the active management and possession thereof, where the mother received one-third of all income from the land until her death. The court held further that the test as to whether a transfer of property is intended to take effect in possession or enjoyment at or after the transferor's death is whether he retains a string or tie whereby he can reclaim the property or whether he has otherwise reserved an interest, the passing of which to others is determinable by his death. See also, *In re: Estate of Allyn*, 86 Ohio Law Abs. 360; 28 American Jurisprudence 111, Section 152.

The exceptor, Elizabeth Bertha Gilmore, contends that since, upon the death of Rupert, as stated above, on August 15, 1957, prior to the death of James Gilmore on December 31, 1962, an Ohio inheritance tax was levied upon the succession to property passing from Rupert to his sister, Elizabeth Anne (Gilmore) Schaudig, it is unfair that another inheritance tax be levied upon a succession to the same property passing to Rupert and Elizabeth Anne upon the death of James Gilmore on December 31, 1962.

If Rupert had been alive on December 31, 1962, when his father, James Gilmore, died, and had died subsequently, we do

not believe that any objection would have been interposed to the levying of an inheritance tax in the estate of James Gilmore upon the succession to Rupert and Elizabeth Anne. Actually, there were two successions, both in the hypothetical case given in which Rupert survived his father and in the actual case in which Rupert predeceased his father.

The exceptions of the executrix, therefore, will be overruled.