In re Estate of Pfeifle : Pfeifle et al., Exrs., Appellants, *v.* Schneider, Tax Commr., Appellee.

[Cite as In re Estate of Pfeifle, 10 Ohio St. 2d 197.]

(No. 40446—Decided May 10, 1967.)

198

[black redaction bars]

*Messrs. Brouse, McDowell, May, Bierce & Wortman* and *Mr. David G. Clark*, for appellants.

*Mr. William B. Saxbe*, attorney general, and *Mr. Jon A. Ziegler*, for appellee.

ZIMMERMAN, J. The Fred J. Pfeifle trust created 11 separate trust funds with The Firestone Bank of Akron named and acting as trustee. Ten of them are in issue. Those ten were to continue until the later of two events: (a) the date of the donor's death; or (b) until the promissory notes comprising the trust estate should no longer be an asset thereof. As to nine of the trust funds, the net income from the trust property

was to be accumulated by the trustee until the donor's death and thereafter distributed to the beneficiaries, who were the children and grandchildren of the donor.

It was also provided that for 60 days following the creation of the trust the beneficiaries of the nine trust funds might direct the trustee to pay to each of them all or any part of $6,000 from the trust corpus. None of the beneficiaries chose to claim such payment.

It is well established in Ohio that the Ohio succession tax is in no sense a tax on the estate of a decedent but is one on the right or privilege to receive property from the decedent. *In re Estate of Daniel*, 159 Ohio St. 109, 111 N. E. 2d 252.

And, it is a tax which is due and payable at the time of the succession. *In re Estate of Sears*, 172 Ohio St. 443, 446, 178 N. E. 2d 240, 243.

In its pertinent parts, Section 5731.02, Revised Code, reads:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

"'* * *

"(C) When the succession is to property from a resident [of Ohio] * * * by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"(1) In contemplation of the death of the grantor, vendor, assignor, or donor;

"(2) Intended to take effect in possession or enjoyment at or after such death * * *."

Here, the trust was gratuitous as to the affected beneficiaries, and the possession and enjoyment of the assets thereof did not arise prior to the death of the donor. Under the terms of the trust, there was no right of the beneficiaries (except as to the $6,000 items) to participate in or receive any part of the trust corpus or income until the donor died, and this fact distinguishes the instant case from those of *In re Estate of Thompson*, 147 Ohio St. 119, 68 N. E. 2d 71, and *In re Estate of Hazelton*, 148 Ohio St. 127, 73 N. E. 2d 799, where the gifts by way of trusts were held to take immediate effect in enjoyment and were nontestamentary in character, since both income and

corpus were distributable to the beneficiaries before the death of the donor.

Rather, the situation before us comes within the holding in *Sherman* v. *Tax Commission*, 125 Ohio St. 367, 181 N. E. 539, wherein the first paragraph of the syllabus reads:

"Estates transferred through the medium of a trust instrument, which by its terms postpones the enjoyment of the trust estate until after the death of the donor, are taxable under the inheritance tax laws of Ohio."

A succession tax is imposable where neither the income nor the corpus of an irrevocable *inter vivos* trust comes into the possession of the beneficiaries and is not distributable to them until after the death of the donor.

This court agrees with the judgments of the lower courts, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, TROOP and BROWN, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting for SCHNEIDER, J.