In re Estate of Stevens.

(No. 258728—Decided June 28, 1967.)

Probate Court of Hamilton County.

*Mr. Robert G. Woellner*, for estate of Carolyn M. Stevens, deceased.

*Mr. William B. Saxbe*, attorney general, and *Mr. Jon A. Ziegler* for Tax Commissioner.

Davies, J.   Carolyn M. Stevens died testate on October 5, 1966.   Under the terms of an *inter vivos* trust agreement executed by her in December, 1964, she transferred certain securities, valued at $28,151.50 at the date of her death, to John P. Tallen, as trustee, to "hold, manage, control, invest and reinvest the same with the powers" set forth in the trust agreement and to "pay the net income therefrom, in convenient installments at least as often as quarterannually as follows: all of the income to the grantor —for and during her life."   Upon the death of the grantor the trustee was directed to distribute the principal and accumulated income in the trust to his sister, Frances Welling Tallen, also known as Frances W. Tallen.   The trust was declared to be irrevocable.   The court found that the distribution from the trust constituted a taxable succession under Section 5731.02, Revised Code.

The beneficiary, Frances W. Tallen, has filed exceptions to the determination of inheritance tax fixed by the court because she contends that the trust was created by the grantor "for her personal convenience and was not done in contemplation of death" and that "title had passed to Frances W. Tallen" prior to the grantor's death "and should therefore be excluded from inheritance tax determination requiring a new tax determination in said estate."

Section 5731.02, Revised Code, provides, in part, that "a tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person—when the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property—intended to take effect in possession or enjoyment at or after such death." In the case of *Sherman et al.* v. *Tax Commission of Ohio*, 125 Ohio St. 367, the Supreme Court of Ohio held that a beneficiary under a trust very similar to the instant case was subject to the payment of an Ohio inheritance tax. The court, at page 371, held that the inheritance tax law applied "whether the trust was revocable or irrevocable, or whether the estates or interests transferred were vested or contingent remainders." We are governed by the decision in that case and hold that an inheritance tax was properly levied upon the property distributed to the beneficiary in the Carolyn M. Stevens trust, and the exceptions of Frances W. Tallen, therefore, will be overruled.