## CIRCUIT COURT OF ARLINGTON COUNTY

Michael J. Keene

v.

William F. Pier et al.

June 7, 1983

Case No. (Chancery) 32899

By JUDGE CHARLES H. DUFF

For decision is the motion to dismiss the Bill of Complaint filed herein on the ground that as a matter of law neither Defendant is subject to the personal jurisdiction of this Court. I have carefully considered the able arguments presented and the exceptionally well prepared memorandum submitted and hasten to advise you of my conclusion.

The Plaintiff bases his contention of jurisdiction on Section 8.01-328.1, *Code of Virginia*, particularly paragraph (1), "Transacting any business in this Commonwealth." He contends that by mailing a brochure into Virginia and selling its products to Virginia residents, combined with the specific solicitation in the brochure of April, 1980, and the subsequent meeting between Plaintiff and Sterling Martel in Arlington, the Defendants have transacted business in this Commonwealth.

The defendants deny that either conducted any business in Virginia out of which Plaintiff's cause of action arose. They concede that as a mail catalog business Defendant S. I. Equipment, Ltd., had made previous sales to Virginia residents. They deny maintaining any offices or property in this Commonwealth or having any agents in Virginia. They assert

urgently that nowhere in the Bill of Complaint does the Plaintiff allege that he contracted with either Defendant for the investment outlined in the April, 1980, brochure. In short, they contend that this transaction was between Plaintiff and Martel and did not involve them.

It seems to me that the critical issue presented is whether the language of the statement in the April, 1980, brochure represents an "offer to sell" within the meaning of that phrase in section 13.1-507. I do not believe that it does. The statement in the brochure contained no definite offer which, upon acceptance, could ripen into a binding contract. It was a solicitation and an indication of a willingness to provide additional information.

Section 8.01-328.1 confers jurisdiction over a Defendant who "acts directly" or "by an agent." The present Defendants acted directly only in placing the statement in the April, 1980, brochure. Thereafter there was the referral of the Plaintiff to Sterling Martel with whom the transaction was consummated. The question remains, however, as to whether the Defendants acted "by an agent." Nowhere in the Bill of Complaint is it alleged that Sterling Martel was the agent or employee of either Defendant.

While differing factually, the Illinois decision of *Koplin* v. *Saul Lerner Co., Inc.*, 210 N.E.2d 763, is apropos to a number of the issues presented in the present action. The other decisions cited have been examined and are distinguishable on the facts.

For these reasons the motion to dismiss is granted.